AMERICAN STATE BANK OF BLOOMINGTON, Conservator of the Estate of Edward Miller, Incompetent, Plaintiff-Appellant, *v.* ORVILLE E. CUDE *et al.,* Defendants.—(THE TOWN OF NORMAL, Defendant-Appellee.)

(No. 12992; )

Fourth District—July 17, 1975.

Livingston, Barger, Brandt, Slater & Schroeder, of Bloomington (Fred B. Moore and William R. Brandt, of counsel), for appellant.

Heyl, Royster, Voelker & Allen, of Peoria (Duncan B. Cooper III, Theodore R. Johnson, and Rex K. Linder, of counsel), for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

American State Bank, as conservator of the estate of Edward Miller, appeals the dismissal of a suit filed against the Town of Normal. Miller, an incompetent, was injured crossing a highway entrance ramp along U.S. Route 51 within the city limits. Although the State holds title to the

land where the accident occurred, it is agreed that Normal is responsible for the operation and maintenance of the roadway.

The complaint charged the City with negligence in failing to provide a safe place for pedestrians to walk, failing to provide proper lighting, traffic signals, and barriers, and failing to inspect the location properly. There is no allegation that the roadway itself was defective or unsafe for use by vehicles or that there were defective or inadequate lights, signals, or barriers in the area.

■■■ While a city which provides streets and sidewalks is required to see they are reasonably safe for their intended use (*Van Cleef v. City of Chicago*, 240 Ill. 318, 88 N.E. 815; *Cogdill v. City of Marion*, 22 Ill.App. 2d 99, 159 N.E.2d 28; *Maxey v. City of East St. Louis*, 158 Ill.App. 627), and although a city is liable when a course of public improvements creates an unreasonably dangerous condition (*City of Chicago v. Seben*, 165 Ill. 371, 46 N.E. 244; *City of Beardstown v. Smith*, 150 Ill. 169, 37 N.E. 211; *Village of Marseilles v. Howland*, 124 Ill. 547, 16 N.E. 883), municipalities have not been held liable for failing to undertake public improvements. In *City of Freeport v. Isbell*, 83 Ill. 440, 442, the court observed:

> "It might be a matter of great convenience to have all our cities or incorporated towns well lighted, in the nighttime, with gas, and it might add to the security of pedestrians whose business or tastes might require them to travel at late hours of the night; but to hold that a city or incorporated town was under a legal obligation to thus provide the streets with light, might well be regarded as an act of usurpation, on the part of the courts, of the legislative power, which has been exclusively delegated to the legislative department of the municipality."

The same unwillingness to dictate what improvements a city must undertake appeared in *Resnik v. Michaels*, 52 Ill.App.2d 107, 201 N.E.2d 769, where summary judgment in favor of a city charged with failure to install traffic signals at a heavily-traveled intersection was upheld. The appellate court said:

> "A municipality is responsible for the negligent construction of public works and for its failure to maintain them, but it is not obligated, and is not liable for its neglect or refusal, to undertake such projects." 52 Ill.App.2d 107, 110, 201 N.E.2d 769, 770.

■■ In the present case, there is no allegation that the City attempted to or intended to establish a pedestrian walkway along Route 51 or had reason to believe the area was used for foot travel. Consequently, there can be no action against the City for failure to make the area safe for

pedestrian usage. (Compare *Deren v. City of Carbondale*, 13 Ill.App.3d 473, 300 N.E.2d 590, where dismissal of plaintiff's complaint was upheld despite an allegation that the area where he was injured was regularly used as a walkway and that the defendant City knew or should have known of such usage.) Thus, this complaint does not allege a duty of the defendant.

The trial court's dismissal of this complaint was required under the cited cases. We must affirm.

Judgment affirmed.

TRAPP, P. J., and GREEN, J., concur.