FRANK PALLADINI *et al.*, Special Adm'rs of the Estate of Michael Palladini, Deceased, *et al.*, Plaintiffs-Appellants, v. THE CITY OF EAST PEORIA *et al.*, Defendants (The City of East Peoria, Defendant-Appellee).

Third District   No. 3—84—0822

Opinion filed June 28, 1985.

346

Gary L. Clark, of Allen, Clark & Harn, Ltd., of Peoria, for appellants.

Murvel Pretorius, Jr., and Paul P. Gilfillan, both of McConnell, Kennedy, Quinn & Johnston, of Peoria, for appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

The plaintiffs, Frank Palladini and Betty Palladini, parents and administrators of the estate of their son, Michael Palladini, were allowed to pursue this interlocutory appeal (87 Ill. 2d R. 308(a)), against the defendant, city of East Peoria (hereafter city).

The Palladinis alleged in their complaint that on July 17, 1982, their son suffered fatal injuries caused when his motorcycle struck a large hole in the city's road, went out of control, and smashed into a tree. The first and fifth counts alleged the city negligently failed to inspect and repair the hole, whereas the third and seventh counts alleged the city negligently failed to discover and remove gravel from the road.

In its motion to dismiss, the city contended that no cause of action was stated in those four counts since the plaintiffs failed to allege that decedent was in the exercise of ordinary care. The trial court granted the motion to dismiss after determining that those four

counts stated no cause of action against the city. The trial court further found that its order involved a legal question with substantial ground for opinion differences and that an immediate appeal might materially advance the ultimate termination of litigation. The trial court then designated the issue on appeal as whether the doctrine of comparative negligence applies to an action against a municipality or whether section 3—102(a) of the Local Governmental and Governmental Employees Tort Immunity Act (hereinafter the Act) requires application of the doctrine of contributory negligence (Ill. Rev. Stat. 1983, ch. 85, par. 3—102(a)).

In support of their argument that the principles of comparative negligence rather than contributory negligence apply to the instant common law negligence action, the plaintiffs argue that the Act created a statutory right enforced by applying the common law of contributory negligence. The plaintiffs argue that since comparative negligence now governs common law negligence actions, the absence of contributory negligence need not be pleaded.

The defendant responds that since the Act clearly utilized rules of contributory negligence to limit a city's duty and, thus, its liability, freedom from contributory negligence must be pleaded. We disagree.

The general rule defining liability arising out of use of governmental property as set forth in section 3—102(a) of the Act provides in part that a municipality "has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used." Ill. Rev. Stat. 1983, ch. 85, par. 3—102(a).

Unambiguous statutory language must be enforced as enacted (*Board of Education v. Cronin* (1979), 69 Ill. App. 3d 472, 388 N.E.2d 72), and assigned its well-defined common law interpretation. *Scott v. Dreis & Krump Manufacturing Co.* (1975), 26 Ill. App. 3d 971, 326 N.E.2d 74.

In 1965, when the Act became effective, the city's liability was limited to persons exercising ordinary care on its property. That restriction was consistent with the existing common law principle that contributory negligence barred recovery. But the defense of contributory negligence has been supplanted in common law actions by the doctrine of comparative negligence so that a party's own negligence merely diminishes his recovery in proportion to his negligence. (*Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886.) Thus, we must determine whether the legislature meant to adopt the common law and all

changes thereafter or specifically adopted contributory negligence to limit municipal liability.

The phraseology employed is not very helpful. A literal reading of the Act would lead one to believe that the legislature intended that a municipality have no duty to one who is contributorily negligent. However, that does not comport with the intention to adopt contributory negligence as applied at common law. There, plaintiff's fault only relieved defendant from the consequences of his own negligence; it did not obviate defendant's duty to exercise reasonable care. Moreover, a consideration of the duties undertaken by a municipality impeaches the notion that there should be no duty to one who is contributorily negligent. The duty of a municipality to maintain public property is general. It is owed to the public. This would certainly include those who are careless in avoiding potholes or in observing partially obstructed traffic signals. To borrow from the Act, it is certainly reasonably foreseeable that members of the public will not always exercise ordinary care on public property. That the municipality should be relieved of some or all responsibility for improper maintenance due to plaintiff's failure to exercise ordinary care is unquestioned. Even so, that should not be taken to mean that there is no duty to keep public property safe for certain members of the public.

Having concluded that the legislature did not intend that plaintiff's contributory negligence would limit the duty of a municipality, we must now determine whether the adoption of the existing common law standards should survive the amendment of the common law found in *Alvis*. There is considerable merit to defendant's arguments against comparative negligence. The Act is silent as to the intention to adopt changes in the common law. Also, prior to *Alvis*, the legislature had resisted efforts to change to comparative negligence (see *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 22).

These arguments do not reach the heart of the matter. The principal thrust of the Act was to hold a municipality to the same standards as a common law defendant. At the time this meant that contributory negligence was a complete affirmative defense. The advent of comparative negligence alters only the results, not the standards. A municipality has a duty to maintain its property in a reasonably safe condition. Persons using the property still must use ordinary care. When those duties are simultaneously breached, however, it is the effect which is different due to the changes dictated in *Alvis*. Thus, accepting the thesis that the Act seeks to apply common law standards to municipalities, the purposes of the statute are served by applying comparative negligence.

Accordingly, we reverse the order of the circuit court of Peoria County and remand for further proceedings consistent with this opinion.

Reversed and remanded.

BARRY and STOUDER, JJ., concur.