HOWARD RISNER, Plaintiff-Appellant, v. THE CITY OF CHICAGO, Defendant-Appellee (Chicago Transit Authority *et al.*, Defendants).

First District (5th Division) No. 86—1166

Opinion filed December 12, 1986.

James N. Vail, of Chicago, for appellant.

Judson H. Miner, Acting Corporation Counsel, of Chicago (Ruth M. Moscovitch and Joseph A. Moore, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE MURRAY delivered the opinion of the court:

Plaintiff, Howard Risner, appeals from an order of the circuit court of Cook County granting defendant city of Chicago summary judgment in a negligence action. For the reasons set forth below, we affirm.

The record reveals that on September 1, 1981, plaintiff was struck by a Chicago Transit Authority bus as he stepped off a sidewalk curb and attempted to cross Adams Street in the middle of the block between State and Wabash streets in Chicago, where neither crosswalk markings were painted nor any other traffic regulation signals existed. Adams is a westerly, one-way street. On August 30, 1980, defendant had created a "contra-flow" lane in an easterly direction for the exclusive use of buses in order to speed traffic flow; all other lanes continued in use by westbound traffic. The bus which struck plaintiff was traveling in the eastbound, contra-flow lane.

On March 25, 1982, plaintiff filed a two-count complaint for damages against defendant (count I), the Chicago Transit Authority (CTA) and Homer Armstrong, the driver of the CTA bus (count II); count II is not involved in this appeal. Plaintiff specifically charged defendant with negligence in creating a dangerous condition, failing to remedy or protect against a hazardous condition after having actual notice of its existence, failing to provide warning signs or signals of a dangerous condition, and modifying one-way traffic signs so as to render them unreadable and deceptive.

In response, defendant filed a motion for summary judgment. The trial court granted the motion based on its conclusion that "as a matter of law *** the City of Chicago owes no duty whatever to maintain those portions of its public streets intended for use solely by vehicular traffic and not designated as pedestrian crosswalks in such a manner so as to safeguard pedestrians making use of those portions of the street as walkways or otherwise engaged in mid-block crossings thereof. *** Absent a duty on the part of the City to safeguard pedestrians using the streets as a walkway, the City is under no duty to warn them of the hazards presented thereby."

On appeal, plaintiff contends that the trial court's judgment was based on its erroneous determination that the Local Governmental and Governmental Employees Tort Immunity Act (Governmental Tort Immunity Act) (Ill. Rev. Stat. 1983, ch. 85, par. 1—101 *et seq.*) excludes municipalities from the common law standard of "reasonable care with foreseeability as the measure of liability," in direct opposition to this court's decisions in *Larson v. City of Chicago* (1986), 142 Ill. App. 3d 81, 491 N.E.2d 165, and *Palladini v. City of East Peoria* (1985), 134 Ill. App. 3d 345, 480 N.E.2d 530. Plaintiff further argues that he was a

foreseeable user of defendant's street, *i.e.*, a jaywalker, and therefore defendant owed him a duty to maintain its street in a reasonably safe condition. Finally, plaintiff contends that the trial court improperly "took from the jury the question of foreseeability and substituted its own judgment as to whom a municipality intends to protect from its careless acts." We disagree.

██ In an action based on negligence, the plaintiff must establish the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately resulting from that breach. (*Eddings v. Dundee Township Highway Commissioner* (1985), 135 Ill. App. 3d 190, 478 N.E.2d 888.) Questions of foreseeability and whether a duty has been breached are questions of fact for the trier of fact, whereas the existence of a duty is a question of law properly addressed by the court on a motion for summary judgment. (*Horrell v. City of Chicago* (1986), 145 Ill. App. 3d 428, 495 N.E.2d 1259.) Absent a legal duty, there can be no recovery in negligence as a matter of law, and summary judgment in favor of the defendant is proper. (*Keller v. Mols* (1984), 129 Ill. App. 3d 208, 472 N.E.2d 161.) Duty has been defined as an obligation imposed by law which requires one to conform to a certain standard of conduct for the protection of another against an unreasonable risk. (*Larson v. City of Chicago* (1986), 142 Ill. App. 3d 81, 491 N.E.2d 165.) A municipality is not an insurer of the safety of pedestrians against all accidents occurring on its property (*Warchol v. City of Chicago* (1979), 75 Ill. App. 3d 289, 393 N.E.2d 725); its duty/liability is governed by the Governmental Tort Immunity Act (Ill. Rev. Stat. 1983, ch. 85, par. 1—101 *et seq.*), which provides in section 3—102(a).

> "Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people *whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used* ***." (Emphasis added.) Ill. Rev. Stat. 1983, ch. 85, par. 3—102(a).

In the instant case, we first observe that plaintiff's reliance on *Larson v. City of Chicago* (1986), 142 Ill. App. 3d 81, 491 N.E.2d 165, and *Palladini v. City of East Peoria* (1985), 134 Ill. App. 3d 345, 480 N.E.2d 530, is misplaced. *Larson* merely stands for the proposition that a municipality's liability for negligence in maintaining its property is governed by the Governmental Tort Immunity Act and that that act "essentially continued the common law duties of a municipality with respect to the maintenance of its public ways." (*Larson v. City of Chi-*

*cago* (1986), 142 Ill. App. 3d 81, 83-84, 491 N.E.2d 165.) In applying the Act to the facts of the case, the *Larson* court found that roller skating on a public sidewalk was a foreseeable use of the sidewalk and plaintiff a foreseeable user based upon the rationale of *Errante v. City of New York* (1980), 74 App. Div. 2d 122, 427 N.Y.S.2d 18, adopted by this court, which held that the liability of the city was to be tested by the same rule that would apply if the plaintiff had been walking and then had been injured. This court did not hold, however, as plaintiff would have us interpret *Larson,* that a municipality owes a duty to an unintended and unpermitted user of its public ways using its property in an unintended and unpermitted manner.

■ *Palladini* also is distinguishable from the instant case. In *Palladini,* no issue was raised whether the plaintiff was an intended or permitted user of a roadway while riding his motorcycle. Instead, the issue was whether the doctrine of comparative negligence applied to an action against a municipality or whether section 3—102(a) of the Governmental Tort Immunity Act required application of the doctrine of contributory negligence. The court's conclusion, that any contributory negligence by the plaintiff did not obviate the defendant's duty to the plaintiff to maintain its roadways in a reasonably safe condition, is applicable only where a duty is owed. Clearly, in *Palladini,* the defendant owed a duty to the plaintiff. Here, however, plaintiff was not an intended or permitted user of defendant's street, using it in a manner it was reasonably foreseeable it would be used; the street is for *use* by vehicular traffic—not pedestrians, except where defendant has provided crosswalks or the like.

■ In addition, although plaintiff argues that *foreseeability is the measure of liability* in determining the reasonable care to be exercised by a municipality, that *foreseeability,* pursuant to the language of the Governmental Tort Immunity Act, pertains to *use* of the municipality's property by permitted and intended users, *not to foreseeable users* as plaintiff argues, *"in a manner* in which and at such times as *it was reasonably foreseeable it would be used."* (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 85, par. 3—102; see also *Curtis v. County of Cook* (1983), 98 Ill. 2d 158, 456 N.E.2d 116; *Eddings v. Dundee Township Highway Commissioner* (1985), 135 Ill. App. 3d 190, 478 N.E.2d 888.) Here, as mentioned above, Adams Street is for the use of vehicular traffic, and jaywalkers are not intended or permitted users and not, therefore, users making use of the street in a foreseeable manner.

Moreover, no case or statutory law exists which would support plaintiff's argument that a municipality owes a duty to a pedestrian crossing a public street at a location other than a crosswalk. In fact,

the contrary is true. See *Horrell v. City of Chicago* (1986), 145 Ill. App. 3d 428, 495 N.E.2d 1259 (city owed no duty to pedestrian to provide a crosswalk for a bus stop at a busy intersection); *American State Bank v. Cude* (1975), 30 Ill. App. 3d 206, 331 N.E.2d 825 (city owed no duty to pedestrian where city neither attempted, nor intended, to establish a pedestrian walkway across a highway); *Deren v. City of Carbondale* (1973), 13 Ill. App. 3d 473, 300 N.E.2d 590 (liability of city with respect to its streets is limited to their uses as streets, and complaint based upon city's failure to provide separate pedestrian walkway properly dismissed for failure to state a cause of action).

■ We further observe that where there is no duty owing to a plaintiff under section 3—102 of the Governmental Tort Immunity Act, no duty exists under sections 3—103 or 3—104 for allegedly creating an unreasonably dangerous condition and failing to warn of that danger, respectively. See *Curtis v. County of Cook* (1983), 98 Ill. 2d 158, 456 N.E.2d 116; *Horrell v. City of Chicago* (1986), 145 Ill. App. 3d 428, 495 N.E.2d 1259.

In light of the above, we hold that the trial court properly granted summary judgment to defendant.

Affirmed.

SULLIVAN, P.J., and LORENZ, J., concur.