EVA MASON, Plaintiff-Appellant, v. THE CITY OF CHICAGO, Defendant-Appellee.

First District (3rd Division)   No. 88—251

Opinion filed July 27, 1988.

Harold N. Pope, Ltd., of Chicago, for appellant.

Watson & Sims, of Chicago, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff Eva Mason appeals from a summary judgment entered in favor of defendant, the City of Chicago (City), in this negligence action. Plaintiff contends that the trial court erred in finding that the City owed no duty of care to her. The action against a codefendant, Gallagher Asphalt, is still pending in the trial court.

On October 8, 1983, plaintiff walked across a residential street mid-block in order to reach her car, which was parked directly across the street. After taking several steps, plaintiff stepped into a hole and broke her leg. The hole was several feet long and several inches deep. No barriers or warnings were present. On the next block, the street was under construction. Equipment, rubber cones and barricades were present on the next block.

■ Plaintiff contends that the trial court erred in granting summary judgment because the City owes a duty to plaintiff notwithstanding her status as a jaywalker. Whether or not a defendant owes a duty to a plaintiff is a question of law properly addressed by the court in a motion for summary judgment. (*Horrell v. City of Chicago* (1986), 145 Ill. App. 3d 428, 495 N.E.2d 1259.) Absent a legal duty, a plaintiff cannot recover in negligence as a matter of law, and summary judgment in favor of defendant is proper. *Keller v. Mols* (1984), 129 Ill. App. 3d 208, 472 N.E.2d 161.

■ In *Risner v. City of Chicago* (1986), 150 Ill. App. 3d 827, 502 N.E.2d 357, a holding which is dispositive of the issue before us, this court held that the City owes no duty to warn pedestrians not using the crosswalk of any hazards outside of the crosswalk. The law im-

poses no general duty on municipalities for the safeguarding of pedestrians when they are using the public streets as walkways. (*Deren v. City of Carbondale* (1973), 13 Ill. App. 3d 473, 300 N.E.2d 590.) To demand such a duty would overextend a municipality's function. (*Deren v. City of Carbondale*, 13 Ill. App. 3d 473, 300 N.E.2d 590.) The law is well settled, therefore, that a municipality owes no duty to a pedestrian crossing a public street outside of the crosswalk. *Risner v. City of Chicago*, 150 Ill. App. 3d 827, 502 N.E.2d 357, citing *Horrell v. City of Chicago*, 145 Ill. App. 3d 428, 495 N.E.2d 1259; *American State Bank v. Cude* (1975), 30 Ill. App. 3d 206, 331 N.E.2d 825; *Deren v. City of Carbondale*, 13 Ill. App. 3d 473, 300 N.E.2d 590.

■ Plaintiff argues that her status as a jaywalker is not determinative of the duty owed and instead only goes towards her comparative negligence. The question of damages will not be reached, however, unless plaintiff can establish that a duty is owed.

■ We are not persuaded by plaintiff's argument that the City should have foreseen that a pedestrian might walk on the street because parking was allowed on the street. It is reasonable for the City to foresee that only vehicular traffic would use the streets, while pedestrians would use crosswalks to cross to the opposite side of the street, whether to reach a parked car or for some other purpose. (See *Risner v. City of Chicago*, 150 Ill. App. 3d 827, 502 N.E.2d 357.) Plaintiff was not an intended or permitted user of the street, and thus the City need not have foreseen her injury.

The trial court properly granted summary judgment in favor of the City.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

WHITE, P.J., and FREEMAN, J., concur.