(No. 87-CC-3002– )

BERN WHEEL, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order on motion for summary judgment filed January 19, 1990.*

RODDY, POWER & LEAHY (EUGENE F. KEEFE, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (JAN SCHAF-FRICK, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This cause coming to be heard on Respondent's motion for summary judgment, due notice having been given the parties hereto, and the Court being fully advised in the premises.

The Court finds that on March 19, 1986, Claimant, Bern Wheel, was on his way to work in downtown Chicago when his right foot stepped into an expansion joint located on the Harlem Avenue overpass above the Eisenhower Expressway (I-290). Claimant was walking to the Chicago Rapid Transit station located on the aforementioned overpass when he fell.

At approximately 6:10 a.m., Claimant left his home on Winonah Avenue on foot and walked south to Harison Avenue, then proceeded west on Harrison Avenue. He climbed a stairway leading to the northeast side of Harlem Avenue and started crossing from the east side to the west side of Harlem Avenue. As he was about three-quarters of the way across the street, Claimant got his right foot caught in an expansion joint and fell.

At the place where Claimant crossed the street, there were no crosswalks nor any other traffic signals regulating pedestrian traffic. There were traffic signals regulating pedestrian traffic, however, for people crossing Harlem Avenue at the intersections of Harrison and Garfield Avenues and Jackson Boulevard.

Whether or not a defendant owes a duty to a plaintiff is a question of law properly addressed by the court in a motion for summary judgment. (*Mason v. City of Chicago* (1988), 173 Ill. App. 3d 330, 527 N.E.2d 572.) In the absence of a legal duty in a negligence action, there can be no recovery as a matter of law. (*Mason.*) In the immediate negligence action, Respondent contends that it does not owe a legal duty to Claimant, and therefore, its motion for summary judgment should be granted.

We note that the State is not an insurer of the safety

of all persons upon its streets and highways. (*Baren v. State* (1974), 30 Ill. Ct. Cl. 163.) The State, however, does have a duty to maintain its roads in a reasonably safe condition for the purposes to which the portion in question is devoted. (*Baren.*)

The law imposes no general duty on governmental entities for the safeguarding of pedestrians when they are using the public streets as walkways. (*Mason*, at 573.) Furthermore, a governmental entity does not owe a duty to a jaywalker, in that he is not an intended or permitted user of a street in a reasonably foreseeable manner. *Mason.*

In *Mason*, Claimant, a pedestrian, stepped in a hole as she was crossing in the middle of a residential block in order to get to her parked car. The circuit court granted defendant city's motion for summary judgment stating,

" * * * It is reasonable for the City to foresee that only vehicular traffic would use the streets, while pedestrians would use crosswalks to cross to the opposite side of the street, whether to reach a parked car or for some other purpose. Plaintiff was not an intended or permitted user of the street, and thus the City need not have foreseen her injury."

The Court rested its decision on *Risner v. City of Chicago* (1986), 150 Ill. App. 3d 827, 502 N.E.2d 357. In *Risner*, the plaintiff, a pedestrian, was struck by a CTA bus as he stepped off a sidewalk curb and attempted to cross Adams Street in the middle of the block between State and Wabash Streets in Chicago. Plaintiff crossed the street at a point where there were neither any crosswalks nor any other traffic regulation signals. The Court in *Risner* stated "the street was for **use** by vehicular traffic—not pedestrians, except where defendant [had] provided crosswalks or the like." (Emphasis added.) *Risner*, at 359.

We find that as in the *Risner* and *Mason* cases, Claimant, in the instant cause, was crossing the overpass

at a point where there were neither crosswalks, nor any other kind of traffic signal regulating pedestrian traffic. When he placed his foot in the expansion joint and fell, Claimant was not an intended or permitted user of the street whereby Respondent could have foreseen his injury. We hold that Respondent does not owe a duty to Claimant, in that he was not a foreseeable plaintiff by the standards adopted by the aforementioned cases.

Moreover, Respondent is not under a duty to maintain an entire highway so that it will be safe for pedestrian traffic. (*Barrett v. State* (1959), 23 Ill. Ct. Cl. 149.) Nor does Respondent owe a duty to a pedestrian who crosses a street at a point where there are no intersections or crosswalks. *Barrett.*

It is therefore ordered that the motion of Respondent be, and the same is hereby granted, and the claim herein is dismissed, with prejudice.