DELORES VANCE, Plaintiff-Appellant, v. THE CITY OF CHICAGO, Defendant-Appellee (Chicago Transit Authority, Defendant).

First District (5th Division) No. 1—89—0859

Opinion filed May 25, 1990.

Keil M. Larson, of Law Offices of Arthur S. Gomberg, of Chicago, for appellant.

Kelly R. Welsh, Corporation Counsel, of Chicago (Ruth M. Moscovitch and Jean Dobrer, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, Delores Vance, appeals from the entry of summary judgment under section 2—1005 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005) in favor of defendant, the City of Chicago (city). We address the issue of whether the city owed a duty of care to plaintiff, who was injured when she fell in a pothole in the street after leaving a Chicago Transit Authority (CTA) bus. For the following reasons, we affirm.

Plaintiff filed a complaint against the city and the CTA and alleged that on October 5, 1984, she was injured in the street when she fell after stepping off a CTA bus. The CTA was dismissed from the case and is not a party to this appeal.

The city answered the complaint denying the material allegations. The city subsequently filed a motion for summary judgment relying on plaintiff's deposition testimony that she stepped off the bus into a pothole in the street and twisted her ankle. On a photograph of the scene which was an exhibit to the deposition, plaintiff indicated that the bus let her off outside of the crosswalk at the bus stop. Plaintiff testified that the pothole "was close to the sidewalk and the street right at the curb" and that the pothole was located in the street approximately one foot from the sidewalk.

The city argued it did not have a duty to keep the street in a reasonably safe condition for pedestrians. The trial court granted the motion and plaintiff now appeals.

OPINION

■ Summary judgment should be granted when the pleadings, depositions, admissions, and affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).) Whether the city owed plaintiff a duty of care is a question of law that can be decided on a motion for summary judgment. *Mason v. City of Chicago* (1988), 173 Ill. App. 3d 330, 527 N.E.2d 572.

■ Section 3—102(a) of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1987, ch. 85, par. 3—102(a)) explains the city's duty to maintain its property:

"[A] local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the

use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used[.]"

A municipality has a duty to reasonably maintain its streets for vehicular traffic (*Ross v. City of Chicago* (1988), 168 Ill. App. 3d 83, 522 N.E.2d 215) and to reasonably maintain its crosswalks for pedestrians (see *Mason v. City of Chicago* (1988), 173 Ill. App. 3d 330, 527 N.E.2d 572; *Risner v. City of Chicago* (1986), 150 Ill. App. 3d 827, 502 N.E.2d 357; *Deren v. City of Carbondale* (1973), 13 Ill. App. 3d 473, 300 N.E.2d 590). In *Mason, Risner*, and *Deren*, it was held that a city had no duty to reasonably maintain its streets for pedestrians who were injured while walking in the street outside the crosswalk.

To establish the city's duty in this case, plaintiff relies on *Di Domenico v. Village of Romeoville* (1988), 171 Ill. App. 3d 293, 525 N.E.2d 242, where the Third District Appellate Court found the village owed a duty to plaintiff who fell in a hole in the street. In *Di Domenico*, plaintiff legally parked his car in the street. While walking in the street to retrieve something from the trunk, he fell in a hole and sustained injuries. The hole was located a few feet behind plaintiff's car. Plaintiff's complaint against the village was dismissed for failure to state a cause of action because the trial court found the village did not owe a duty to maintain its streets for pedestrians. The appellate court reversed because it found that the village must have recognized a driver would have to walk in the street from his legally parked car to the sidewalk. Therefore, the village had a duty to drivers and their passengers to maintain the area of the street where cars were allowed to park. Despite plaintiff's reliance on *Di Domenico*, we do not find it persuasive to the resolution of the case at bar.

Plaintiff analogizes the present situation to *Di Domenico* by citing section 27—276(c) of the Chicago Municipal Code (Chicago Municipal Code §27—276(c) (1982)), which states:

"The driver of a bus shall enter a bus stop *** on a public street in such a manner that the bus when stopped to load or unload passengers shall be in a position with the right front wheel of such bus not further than eighteen inches from the curb[.]"

Plaintiff argues that because the ordinance requires the CTA to stop within 18 inches of the curb to let passengers off a bus, it was foreseeable that passengers would walk within that 18 inches of street to the curb. As a result, plaintiff argues that the city had a duty to reasonably maintain streets within 18 inches from the curb at a bus stop

for the safety of CTA passengers.

Unlike the situation in *Di Domenico* where the village allowed parking in the street, in this case section 27—276(c) of the Chicago Municipal Code does not specifically allow the CTA to drop passengers off in the street. Therefore, bus passengers were not intended and permitted users of the street as required under section 3—102(a) of the Tort Immunity Act (Ill. Rev. Stat. 1985, ch. 85, par. 3—102(a)).

Under the facts presented for the city's motion for summary judgment, the city did not owe plaintiff a duty to keep the street in a reasonably safe condition for pedestrian traffic. The trial court properly entered summary judgment in the city's favor.

Affirmed.

MURRAY and GORDON, JJ., concur.