PATRICIA WOLOWINSKI, Plaintiff-Appellant, v. THE CITY OF CHICAGO, Defendant-Appellee (Chicago Transit Authority, Defendant).

First District (4th Division) No. 1—92—0108

Opinion filed November 5, 1992.

Allen M. Gunn, of Sullivan & Associates, Ltd., of Chicago, for appellant.

Kelly R. Welsh, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Bobbie McGee Gregg, Assistant Corporation Counsel, of counsel), for appellee.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

This appeal arises from a negligence action brought by the plaintiff, Patricia Wolowinski, against the defendants, the City of Chicago (City) and the Chicago Transit Authority (CTA). On the City's motion, the trial court granted summary judgment in favor of the City and against the plaintiff. The action against the CTA remains pending in the trial court. The plaintiff appeals from the grant of summary judgment in favor of the City, contending that she was an intended and permitted user of the street where she was injured and that the City therefore owed her a duty of care.

The plaintiff alleged in her complaint that on October 1, 1989, she was a passenger on a CTA bus. When the bus stopped at a designated bus stop on Belmont Avenue near Sacramento Street, she exited through the rear door. The plaintiff stated in her deposition that "[w]hen I opened the door I could see there were pot[holes]—we were approximately, I would say, a good four or five feet from the curb." The plaintiff stepped off the bus into one of the potholes and injured her leg. The plaintiff was not within a marked pedestrian crosswalk.

The issue before this court is whether the City owed the plaintiff a duty to maintain the street within the designated bus stop in a reasonably safe condition for pedestrians.

To properly state a cause of action for negligence, the plaintiff must establish that the defendant owed a duty of care, a breach of that duty, and an injury proximately caused by the breach. (*Wojdyla v. City of Park Ridge* (1992), 148 Ill. 2d 417, 421, 592 N.E.2d 1098.) Factors that a court considers in determining the existence of a duty are: the foreseeability of the injury; the likelihood of injury; the magnitude of the burden of guarding against the injury; and the consequences of placing that burden upon the defendant. (*Lamkin v.*

*Towner* (1990), 138 Ill. 2d 510, 522, 563 N.E.2d 449.) Foreseeability alone is not an adequate foundation upon which to base the existence of a legal duty. *Lamkin*, 138 Ill. 2d 510, 563 N.E.2d 449.

The determination of whether a duty exists is a matter of law to be made by the trial court and is subject to *de novo* review on appeal. (*Mitchell v. City of Chicago* (1991), 221 Ill. App. 3d 1017, 1020, 583 N.E.2d 60.) Summary judgment is desirable when, according to the pleadings, affidavits, and depositions on record, no genuine issue of material fact exists. Ill. Rev. Stat. 1989, ch. 110, par. 2—1005.

■ The plaintiff contends that the City owed her a duty of care because she was an intended and permitted user of the street and the designated bus stop. This argument is based upon section 3—102(a) of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1989, ch. 85, par. 3—102(a)), which states as follows:

> "Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used *** ."

The factual situation in the case at bar is virtually identical to the one addressed by this court in *Vance v. City of Chicago* (1990), 199 Ill. App. 3d 652, 557 N.E.2d 494. There the plaintiff alleged that while exiting the bus at a bus stop, she stepped off the bus into a pothole in the street and twisted her ankle. She was not within a marked crosswalk, and the pothole was located in the street approximately one foot from the sidewalk. The court in *Vance* upheld a summary judgment in favor of the City on the grounds that the City owed no duty to the plaintiff. The court relied upon section 27—276(c) of the Chicago Municipal Code in concluding that the City did not intend bus passengers to use the street within a bus stop. That section provides as follows:

> "The driver of a bus shall enter a bus stop or passenger loading zone on a public street in such a manner that the bus when stopped to load or unload passengers shall be in a position with the right front wheel of such bus not further than eighteen inches from the curb and the bus approximately parallel to the curb so as not to unduly impede the movement of other vehicular traffic." (Chicago Municipal Code §27—276(c) (1982).)

Section 27—276(b) of the Code states that "[t]he driver of a bus shall not stop such vehicle upon any street at any place for the purpose of loading or unloading passengers other than at a designated bus stop, bus stand, passenger loading zone, or bus terminal except in case of an emergency." Chicago Municipal Code §27—276(b) (1982).

We agree with the reasoning of the City and the court in *Vance* that by requiring buses to discharge passengers within approximately 18 inches of the curb, the City evinced its intent that passengers step directly from the bus to the curb rather than use the street. Therefore, the plaintiff was not an intended and permitted user of the street under section 3—102(a) of the Tort Immunity Act. Ill. Rev. Stat. 1985, ch. 85, par. 3—102(a).

The plaintiff also contends that the trial court erred in granting the City's motion for summary judgment because there existed genuine issues of material fact. Rather than stating what those facts are and how they are material to the instant cause, the plaintiff merely lists a series of questions. A reviewing court is entitled to have issues clearly defined with pertinent authority cited and cohesive arguments presented, and arguments not adequately presented on appeal may be waived. (*Holmstrom v. Kunis* (1991), 221 Ill. App. 3d 317, 325, 581 N.E.2d 877.) A reviewing court will not become an advocate for, as well as the judge of, points the appellant seeks to raise. (*Holmstrom*, 221 Ill. App. 3d 317, 581 N.E.2d 877.) The plaintiff's list of questions gives us little assistance in our determination of whether the court improperly granted summary judgment. We do not believe this argument merits our consideration on appeal.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

JOHNSON and McMORROW, JJ., concur.