THEODORIS MALEK, Plaintiff-Appellee, v. THE CITY OF CHICAGO *et al.*,
Defendants-Appellants.

First District (6th Division)    No. 1—93—0267

Opinion filed May 27, 1994.

Susan S. Sher, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Brian Trubitt, Assistant Corporation Counsel, of counsel), for appellants.

Michael L. Blumenthal, of Chicago (David K. Kremin, of counsel), for appellee.

PRESIDING JUSTICE EGAN delivered the opinion of the court:

The plaintiff, Theodoris Malek, was injured when she fell on the walk in front of her house. She sued the Bureau of Forestry of the City of Chicago (the City) for negligence. A jury found Malek and the City both 50% negligent; judgment for Malek was entered for 50% of her damages. The City now argues that Malek cannot recover 50% of her damages because the jury verdict shows that she did not exercise ordinary care.

Malek filed a complaint against the City on July 8, 1991, alleging that she was injured on February 27, 1991, when she fell on shrubbery debris left by the City on the walkway in front of her house. After a jury was unable to reach a verdict on Malek's third amended complaint, Malek filed her fourth amended complaint.

At a second trial, held in July and August 1992, the jury received comparative negligence instructions. The City did not tender any contributory negligence instructions. The jury determined that Malek suffered $915,000 in damages. It also found that Malek's negligence was the proximate cause of 50% of her injuries. Therefore, Malek was awarded $457,500.

In its motion for either a new trial or a judgment notwithstanding the verdict, the City argued that Malek was barred from any recovery under the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1991, ch. 85, par. 1—101 *et seq.*) because the jury's finding of liability showed Malek did not exercise ordinary care for her own safety. The judge denied the motion.

On appeal, the City raises the same issue argued in its post-trial motion. It contends that, because the jury found that Malek was negligent, she is barred from recovery under the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1991, ch. 85, par. 3—102(a)). In section 3—102(a), the Tort Immunity Act provides:

"[A] local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use *in the exercise of ordinary care* of people whom the entity intended and permitted to use the property." (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 85, par. 3—102(a).)

The City reads this portion of the Tort Immunity Act as including the law of contributory negligence.

Malek contends that the City waived this argument when it did not mention contributory negligence before filing the post-trial motion and when it tendered comparative negligence jury instructions. For several reasons, we agree.

■ The theory that contributory negligence applies to Tort Immunity Act claims was first raised years before the complaint was filed in this case. Thus, we agree with Malek that the City has no excuse for not noting it earlier in the trial court. In 1985, the Third District Illinois Appellate Court addressed the argument raised by the City in this case, and held that comparative negligence principles apply to the Tort Immunity Act. (*Palladini v. City of East Peoria* (1985), 134 Ill. App. 3d 345, 480 N.E.2d 530.) Before Malek filed her first, second, third, and fourth amended complaints, and thus before

the City had to answer these complaints, the First District Appellate Court held that contributory negligence principles apply under the Tort Immunity Act. (*Thompson v. County of Cook* (1991), 222 Ill. App. 3d 459, 584 N.E.2d 170.) *Thompson* was later appealed to the supreme court, which affirmed the appellate court on other grounds. (*Thompson v. County of Cook* (1993), 154 Ill. 2d 374, 381, 609 N.E.2d 290.) Nonetheless, it is clear that the City had notice of the possible applicability of contributory negligence to this case long before it filed its post-trial motion.

■ The City asserts that it could not have raised this issue until after the jury returned a verdict showing that the plaintiff did not exercise reasonable care and contends that any tendered contributory negligence instructions would have been refused by the trial judge. This argument is contrary to Illinois pleading and trial practice. A trial judge may consider legal arguments about the law possibly applicable to a case before a jury finds the specific facts of that case. Moreover, cases relied on by the City in this court hold that contributory negligence instructions are required before contributory negligence principles may be applied under the Wrongful Death Act (Ill. Rev. Stat. 1991, ch. 70, pars. 1, 2). (*Haist v. Wei Wu* (1992), 235 Ill. App. 3d 799, 811, 601 N.E.2d 927; *Ralston v. Plogger* (1985), 132 Ill. App. 3d 90, 97-98, 476 N.E.2d 1378.) Thus, in one area of the law where we still apply contributory negligence, parties may not wait until the jury has returned a verdict allocating fault before raising the issue.

We believe that the City should have presented its legal argument in favor of contributory negligence to the trial judge with contributory negligence instructions. Perhaps the trial judge would have decided that the City's argument on the merits was correct, as he arguably could have done using the *Thompson* appellate decision; the jury could then have made its finding based on the law the City argues was applicable. The City's argument implies that the trial judge was not able or willing to give the City a hearing on this matter, and we reject it.

We also reject the City's contention that it raised the issue of contributory negligence in its answers. The City answered the original complaint with two defenses. Under a heading of "Comparative Negligence," the City asserted that Malek had a duty to use ordinary care and negligently breached that duty. It contended that her failure to exercise ordinary care was the proximate cause of her injuries, and that it should not be liable for any portion of damages proximately caused by Malek. Under the heading "Tort Immunity," the City stated that a notice provision of the Tort Immunity Act barred

Malek from recovery. The City used the same language and the same "defenses" of comparative negligence and notice under the Tort Immunity Act to answer both the third and fourth amended complaints. It never noted contributory negligence as a defense in these answers.

However, the City asserts that through these answers it put Malek's own negligence into issue. We judge that putting Malek's conduct in issue for comparative negligence purposes and pleading that a different section of the Tort Immunity Act applied obviously did not put the issue of contributory negligence under the Tort Immunity Act before the trial judge. This is especially true where the City tendered comparative negligence instructions and made no objection to the comparative negligence instructions tendered by Malek.

The first time the City mentioned contributory negligence was in September 1992, when it filed its post-trial motion. It is well settled that parties may not raise issues on appeal that were not properly presented to the trial judge. In this case, the City failed to present a known legal issue to the trial judge until two trials had been completed, despite many opportunities to raise the legal arguments it now makes to this court. We emphasize that the City itself requested comparative negligence instructions. Apparently, the City made a strategic decision to send the case to the jury under comparative negligence principles, but then wanted to use the comparative fault calculation to impose contributory negligence standards on Malek. The City seeks the best of both possible worlds. We refuse to allow the City this chance to circumvent the jury's right to apply the relevant law to the facts.

There are exceptions to the waiver rule, which, we add, the City has not invoked. In *Hux v. Raben* (1967), 38 Ill. 2d 223, 225, 230 N.E.2d 831, the supreme court said "that the responsibility of a reviewing court for a just result and for the maintenance of a sound and uniform body of precedent may sometimes override the considerations of waiver that stem from the adversary character of our system." In view of the deliberate actions of the City, we are not satisfied that relaxation of the rule will lead to a just result. And we are certain that there is at present no "sound and uniform body of precedent." We have already cited *Palladini v. City of East Peoria*, which was not followed in *Thompson v. County of Cook*. The issue was also presented in *Wagner v. City of Chicago* (1993), 254 Ill. App. 3d 842, 626 N.E.2d 1227, in which the First District Appellate Court followed *Palladini* and not *Thompson*. We have been informed that the Illinois Supreme Court granted leave to appeal in *Wagner*. (See

155 Ill. 2d 577 (Table).) Consequently, anything we say on the question will not be the final word. For these reasons we will not relax the waiver rule, and we hold that the City has waived on appeal the right to raise the possible applicability of contributory negligence under the Tort Immunity Act.

The judgment of the circuit court is affirmed.

Judgment affirmed.

McNAMARA and RAKOWSKI, JJ., concur.