THIRD DIVISION
 September 25, 1996 
 



















No. 1-95-1206
GAIL HARINEK, ) Appeal from the
 ) Circuit Court of
 Plaintiff-Appellant, ) Cook County.
 )
 v. ) 
 )
CITY OF CHICAGO, ) Honorable
 ) Patrick E. McMann,
 Defendant-Appellee. ) Judge Presiding.
 
 
 JUSTICE GREIMAN delivered the opinion of the court:
 Gail Harinek (plaintiff) appeals the trial court's dismissal 
of her second amended complaint which states claims of negligence
(count II) and willful and wanton conduct (count III) against the
City of Chicago (defendant or the City) for acts that occurred
during a fire drill conducted by the City's Fire Department (the
Department). The trial court's order of dismissal, entered
pursuant to section 2-619 of the Code of Civil Procedure (735
ILCS 5/2-619 (West 1992)), held that the City was immune from
liability under the Local Governmental and Governmental Employees
Tort Immunity Act (the Act) (745 ILCS 10/1-101 et seq. (West
1992)) and did not owe plaintiff a "special duty."
 Plaintiff's second amended complaint alleges that on April
28, 1993, the Department conducted a fire drill on the eighth
floor of the Chicago Title and Trust Building located at 171
North Clark Street in Chicago. Pursuant to a plan conceived by
the City's fire marshall, plaintiff and fellow employees of the
Chicago Title Insurance Company were instructed by the fire
marshall to assemble in a small corridor near a bank of
elevators. Plaintiff was instructed to stand next to a heavy fire
door because the corridor was "overcrowded." 
 During the course of the drill, a co-worker unexpectedly
opened the door which, due to her position in the door's path,
struck and injured plaintiff. 
 In addition to plaintiff's claim of negligence, she 
specifically alleges that the fire marshall was "uniquely aware
of the danger into which he placed Plaintiff, that he was in
control of Plaintiff at the time she was injured, and that he
owed a special duty towards Plaintiff."
 The City moved to dismiss counts II and III, asserting that
it did not owe plaintiff a duty in tort and that it was immune
from liability by reason of the provisions of the Act. 
 The trial court ruled that the Act barred plaintiff's claim
against the City and dismissed Counts II and III of plaintiff's
complaint with prejudice. At the same time, the trial court
denied the building owner's motion to dismiss the count against
it on unrelated grounds. Plaintiff appealed to this court
pursuant to Supreme Court Rule 304 (155 Ill. 2d R. 304(a)) on
April 5, 1995.
 When reviewing a motion to dismiss, the court must accept
all well-pleaded facts as true and construe all reasonable
inferences in favor of the plaintiff. Majewski v. Chicago Park
District, 177 Ill. App. 3d 337, 338 (1988). The pertinent inquiry
is whether the allegations, when viewed in the light most
favorable to the plaintiff, are sufficient to set forth a cause
of action upon which relief may be granted. Oropeza v. Board of
Education, 238 Ill. App. 3d 399, 402 (1992). Our review of this
dismissal is de novo. See Kedzie & 103rd Currency Exchange, Inc.
v. Hodge, 156 Ill. 2d 112 (1993).
 As a preliminary matter, the parties dispute whether the
City owed plaintiff a legal duty of care. The threshold question
in a negligence case is whether the defendant owes a duty of care
to the plaintiff. Curtis v. County of Cook, 98 Ill. 2d 158, 162
(1983). The existence of a duty and the existence of immunity are
separate and distinct issues. Barnett v. Zion Park District, 171
Ill. 2d 378, 388 (1996). Since the abolition of sovereign
immunity, our courts have held that governmental units are liable
in tort on the same basis as private tortfeasors unless a valid
statute dealing with tort immunity imposes limitations upon that
liability. Barnett, 171 Ill. 2d at 387. Whether a duty exists is
a question of law subject to de novo review. Wolowinski v. City
of Chicago, 238 Ill. App. 3d 639, 641 (1992).
 Since we recognize that a private entity would, under the
circumstances of this case, owe plaintiff a duty of reasonable
care, we reject the City's claim of "no duty" based on the common
law rule that a governmental body exercising its governmental
authority for a governmental purpose is generally not liable in
negligence. 
 Having recognized that the City owed plaintiff a duty of
reasonable care in the performance of a City-planned and
orchestrated fire drill, we next examine whether the City is
immune from liability for an alleged breach of that duty.
 As we have noted, immunity must be predicated upon a
specific statutory enactment and units of local government and
their employees are immune only to the extent that the General
Assembly has provided such immunity. Burdinie v. Village of
Glendale Heights, 139 Ill. 2d 501, 507 (1990). Moreover, the
provisions of the Act are to be strictly construed as the Act is
in derogation of the common law. Sisk v. Williamson County, 167
Ill. 2d 343 (1995).
 Since the trial court does not delineate the section that is
the basis of the purported immunity, we must analyze the various
sections offered by the City. The City first directs our
attention to section 5-102 of the Act, which provides:
 "Neither a local public entity that has undertaken
 to provide fire protection service nor any of its
 employees is liable for an injury resulting from the
 failure to suppress or contain a fire or from the
 failure to provide or maintain sufficient personnel,
 equipment or other fire protection facilities." 745
 ILCS 10/5-102 (West 1992). 
 The City is a local public entity that "provides fire
protection services"; however, the immunity granted is only from
injuries or damage resulting from failure to suppress or contain
a fire or failure to have sufficient personnel, equipment or
other fire protection facilities. Plaintiff was not injured by
reason of the failure to fight a fire or by a lack of equipment
or personnel or by reason of the lack of fire protection
facilities.
 We are required to give effect to the plain and ordinary
meaning of the statutory language and may not infer the
legislature's intent no matter how laudable. Hayes v. Mercy
Hospital & Medical Center, 136 Ill. 2d 450, 455-56 (1990).
Section 5-102 is not a broad grant of immunity, and the activity
in which the fire marshall was engaged does not appear to be
covered by this section.
 We should also note the General Assembly is perfectly able
to draft a broad grant of immunity if that is its intent. For
example, in the section dealing with the immunity afforded with
respect to police protection, police are granted the kind of
immunity that the City here seeks for its firefighters. Section
4-102 grants immunity for "failure to provide adequate police
protection or service." 745 ILCS 10/4-102 (West 1992). Providing
procedures for and conducting a fire drill are certainly within
the ambit of fire service and, if section 5-102 had similar
language, firefighters would enjoy the same kind of immunity as
their brothers and sisters on the police force.
 Plaintiff alleges that the Department negligently planned
the drill, placing plaintiff at risk because she and her fellow
employees were instructed to stand in an overcrowded space. More
specifically, because the space was inadequate to accommodate the
number of employees participating in the drill, plaintiff was
instructed to stand in the path of a heavy fire door.
 The number of Department personnel present during the drill
did not contribute to the risk occasioned by the facts of this
case, nor did the provision or maintenance of equipment.
Similarly, we fail to see how "facilities," which we believe
refers to Department structures and their locations, are
implicated by plaintiff's complaint. Properly invoked, section 5-
102 has been found to provide immunity for failure to supply
adequate water pressure, contributing to a fire department's
inability to suppress a fire. Pierce v. Village of Divernon, 17
F.3d 1074 (7th Cir. 1994). The instant case simply does not
involve this type of activity, and we must construe a statute as
it is and may not, under the guise of construction, supply
omissions or add conditions or provisions that would depart from
the plain meaning of the language employed in the statute.
Buckellew v. Board of Education of Georgetown-Ridge Farm
Community Unit School District No. 4, 215 Ill. App. 3d 506, 511
(1991).
 Additional immunity is available pursuant to section 5-103
of the Act. Section 5-103(b) provides:
 "Neither a local public entity nor a public
 employee acting in the scope of his employment, is
 liable for an injury caused by an act or omission of a
 public employee while engaged in fighting a fire.
 However, this Section shall not apply if the injury is
 caused by the willful and wanton conduct of the public
 employee." 745 ILCS 10/5-103(b) (West 1992).
 We find the language "while engaged in fighting a fire" to
refer to acts or omissions occurring in the course of fighting an
actual or present fire, and not in the performance of a fire
drill, which by definition relates to a future or potential
occurrence.
 The City relies alternatively on the immunity provided
pursuant to section 2-109 and section 2-201 of the Act. Sections
2-109 and 2-201 of the Act grant immunity to public entities for
the performance of discretionary functions. Although the City did
not cite or argue the above sections before the trial court, the
trial court's decision to dismiss plaintiff's complaint can be
sustained on any ground warranted, regardless of whether the
trial court specifically relied upon such ground (Messenger v.
Edgar, 157 Ill. 2d 162, 177 (1993)) and provided that the factual
basis for the ruling appears in the record. Munizza v. City of
Chicago, 222 Ill. App. 3d 50 (1991). 
 Section 2-201 provides:
 "Except as otherwise provided by Statute, a public
 employee serving in a position involving the
 determination of policy or the exercise of discretion
 is not liable for an injury resulting from his act or
 omission in determining policy when acting in the
 exercise of such discretion even though abused." 745
 ILCS 10/2-201 (West 1992).
 Section 2-109 simply extends this immunity to local public
entities. 745 ILCS 10/2-109 (West 1993).
 The operative language in section 2-201 is "not liable for
an injury resulting from his act or omission in determining
policy." (Emphasis added.) 745 ILCS 10/2-201 (West 1993). 
Although the City clearly has a policy of fire safety and
authorizes its fire department to conduct fire drills in
furtherance of this policy, directing plaintiff to stand behind a
door, though discretionary, is not a policy determination within
the meaning of the Act. Accordingly, we decline to apply section
2-201 immunity to the fire marshall's actions.
 Since the City owes a duty of care to plaintiff and is not
immunized from liability by the Act, we reverse the trial court's
order dismissing Count II of plaintiff's complaint. Because we
find that the City is not immune from liability, we need not
address the special duty exception urged by plaintiff, which
operates as an exception once immunity is found to exist. 
 Lastly, although we need not address the exception for
wilful and wanton misconduct, we observe that Count III of
plaintiff's complaint, viewed in the most favorable light, does
not allege a wilful and wanton injury as recently defined by our
supreme court: "[a] wilful or wanton injury must have been
intentional or the act must have been committed under
circumstances exhibiting a reckless disregard for the safety of
others ***." Ziarko v. Soo Line R.R. Co., 161 Ill. 2d 267, 273,
(1994). Plaintiff's injury was not the result of wilful and
wanton conduct on the part of the Fire Marshall.
 We therefore affirm the trial court's dismissal of count
III. See Brown, 218 Ill. App. 3d at 615 (appellate court can
affirm the dismissal of a complaint pursuant to section 2-619 on
any grounds that are supported by the record, regardless of
whether the trial court relied on such grounds). 
 Beyond this observation, we do not address the merits of
count II of plaintiff's complaint, observing only that the
particular activity of conducting a fire drill is not recognized
in the relevant provisions of the Tort Immunity Act.
 For the reasons set forth above, we reverse the decision of
the trial court as to count II, affirm its dismissal of count
III, and remand for further proceedings consistent with this
opinion.
 Affirmed in part; reversed in part; and remanded.
 TULLY, P.J., and CERDA, J., concur.