DANNY A. DI DOMENICO, Plaintiff-Appellant, v. THE VILLAGE OF ROMEOVILLE, Defendant-Appellee.
Third District   No. 3—87—0637

Opinion filed June 17, 1988.

Thomas E. Cowgill, of Block, Krockey, Cernugel & Cowgill, of Joliet (Paula A. Gomora, of counsel), for appellant.

McKeown, Fitzgerald, Zollner, Buck, Sangmeister & Hutchison, of Joliet (James B. Harvey, of counsel), for appellee.

JUSTICE SCOTT delivered the opinion of the court:

On May 28, 1985, the automobile of Danny A. Di Domenico, hereinafter referred to as the plaintiff, was lawfully parked parallel to the curb on Garland Street in the Village of Romeoville (Village), hereinafter referred to as the defendant. The plaintiff, while walking on the street to his car for the purpose of obtaining some items from its trunk, fell into a hole and injured himself. The hole was located a few feet from plaintiff's vehicle.

The plaintiff filed a suit for damages against the defendant. The action of the plaintiff was predicated upon his assertion that the defendant Village had the duty to protect pedestrians from injury when walking on the roadways to their lawfully parked vehicles and that the defendant had violated that duty.

After several amendments, the second amended complaint was dismissed with prejudice for failure to state a cause of action. The

trial court found that the defendant Village did not owe a duty of care to the plaintiff. This appeal ensued from the order of dismissal.

The pivotal question in this appeal is whether plaintiff's complaint stated a cause of action against the defendant Village.

▪▪ At the time of plaintiff's accident, there was in force a provision of the Illinois Local Governmental and Governmental Employees Tort Immunity Act which provided as follows:

> "Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used, and shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condition that is not reasonably safe in sufficient time prior to an injury to have taken measures to remedy or protect against such condition." Ill. Rev. Stat. 1985, ch. 85, par. 3—102(a).

The defendant argued before the trial court and before this court that the crucial language in the above statutory provision is contained in the words "a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity *intended and permitted* to use the property." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 85, par. 3—102(a).

▪▪ ▪ The trial court, agreeing with the defendant, concluded that it was the defendant Village's intent that the streets, with the exception of crosswalks, should be maintained for the use of vehicular traffic and not for pedestrian use. To agree with such conclusion would result in a situation where the local entity, the Village, would have the duty to maintain the crosswalks for pedestrians but not the rest of the street. In the instant case the defendant Village permitted curbside parking on Garland Street, so it must have recognized the necessity of pedestrians walking in the street and using a portion of it as a pathway, as means of ingress and egress to and from their vehicles. It is common knowledge that, unless parking is specifically prohibited on a street, the operators of vehicles regularly and customarily, both in business districts and residential areas, park their vehicles either parallel to or at an angle to the curb. It defies common sense to conclude that such local entities did not contemplate and intend that the operator of the vehicle along with passengers would use the street area around the parked vehicle for ingress and

egress to and from their vehicle.

The defendant in its motion to dismiss plaintiff's complaint relies heavily on the case of *Deren v. City of Carbondale* (1973), 13 Ill. App. 3d 473, 300 N.E.2d 590. The factual situation in *Deren* is quite different from that in the instant case. In *Deren* the plaintiff was struck by a car as he was walking along the edge of a roadway because the city had not provided a sidewalk for pedestrians. In *Deren* the plaintiff was using the street as a sidewalk, while in the instant case the plaintiff used the street as a passageway in order to get from his vehicle to the sidewalk. We further note that in *Deren* it was a car that injured the plaintiff, while in the instant case the plaintiff alleges that his injuries were caused by the property of the defendant, to wit, Garland Street.

The defendant Village also cites in support of its position the case of *Risner v. City of Chicago* (1986), 150 Ill. App. 3d 827, 502 N.E.2d 357. We quarrel not with the holding in *Risner*, but find it to be of no assistance in making a determination in the instant case. *Risner* involved a pedestrian who was struck by a bus as he attempted to cross a heavily traveled street in the city of Chicago. The plaintiff in *Risner* attempted to cross the street in the middle of the block. The reviewing court referred to the plaintiff as a jaywalker and held that the city owed no duty to a jaywalker. The factual situation is not even remotely similar to that in the instant case.

Lastly we consider the case of *Thorsen v. City of Chicago* (1979), 74 Ill. App. 3d 98, 392 N.E.2d 716. *Thorsen* is also factually dissimilar with the instant case. It involved a plaintiff who, while walking along the edge of the street, was struck by a vehicle. The plaintiff walked in the street because an available existing sidewalk was impassable because of building material and debris. A judgment for the plaintiff *Thorsen* was affirmed because once a sidewalk is provided, the city has a duty to maintain it.

The foregoing cases were set forth with a brief summary of each since they constitute the primary cases relied upon by the parties and the judge in the trial court. As noted, they provide factual situations quite dissimilar to that presented in the case being considered. We are not aware of any case which presents a situation such as is now before us.

The plaintiff Di Domenico was allegedly injured by the property of the defendant Village, namely, Garland Street. It should be noted that the plaintiff did not have an alternative route available to him and that he legally parked in a location used for such purpose.

For the reasons set forth, we reverse the trial court's order

which granted defendant's motion to dismiss the plaintiff's second amended complaint and remand this case for further proceedings.

Reversed and remanded.

BARRY and WOMBACHER, JJ., concur.