EMMA HOUSEHOLDER, Plaintiff-Appellant, v. THE CITY OF BUNKER HILL, Defendant-Appellee.

Fourth District No. 4—88—0032

Opinion filed July 26, 1988.

Robert D. Larson, of Smith, Larson, Pitts, Walters & Metz, Ltd., of East Alton, and Lewis E. Mallott, of Campbell & Mallott, of Godfrey, for appellant.

James C. Cook and Michael D. Clark, both of Walker & Williams, P.C., of Belleville, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On January 15, 1987, plaintiff Emma Householder filed suit in the circuit court of Macoupin County seeking damages from defendant City of Bunker Hill for injuries occurring on April 17, 1986, when she allegedly fell on defendant's street while pushing an automobile. On November 2, 1987, that court dismissed plaintiff's amended complaint in bar of action. Plaintiff has appealed. We affirm.

Plaintiff alleged in her amended complaint defendant had maintained, as a part of its municipal water system, a water meter located within a vertical tile pipe and covered with a manhole cover in a city street. She further alleged the tile surrounding the meter had deteriorated, causing the manhole cover to become loose. She then asserted that while pushing an automobile, she stepped or fell into the manhole, cutting her leg. She alleged her injuries resulted from one or

more acts of defendant's negligence, including (1) failing to inspect the water meter cover and housing; (2) failing to repair the concealed clay tile, pipe, or housing after it had allegedly been damaged by parked vehicles; (3) failing to barricade the area around the water meter; and (4) failing to inspect the water meter housings for deterioration. She alleged that one or more of the negligent acts or omissions was the proximate cause of plaintiff's stepping or falling into the caved-in meter hole.

The thrust of defendant's motion to dismiss was that it owed no duty to defendant to exercise ordinary care to protect her while she was walking in the street. This is also the major contention of defendant on appeal. We agree with defendant that under existing precedent, the circumstances alleged did not give rise to such a duty on the defendant's part. Our affirmance is for this reason.

■■ ■ The parties do not dispute that to recover in tort, a plaintiff must allege a duty owed to the plaintiff by a defendant, a breach of that duty and an injury proximately resulting from the breach. (*Cunis v. Brennan* (1974), 56 Ill. 2d 372, 308 N.E.2d 617.) In *American State Bank v. Cude* (1975), 30 Ill. App. 3d 206, 331 N.E.2d 825, action was brought against a municipality for injuries incurred by an incompetent in crossing a highway entrance ramp along a State highway within the municipality. The municipality was charged with failing to provide a safe place for a pedestrian to cross the ramp. This court affirmed a judgment dismissing the complaint for failure to state a cause of action. This court stated that a municipality is "required to see [that streets and sidewalks] are reasonably safe for their intended use" but also stated that as the municipality had not established a walkway at the place of injury, and not having reason to believe it would be used for foot travel, had no duty "to make the area safe for pedestrian usage." *Cude*, 30 Ill. App. 3d at 207-08, 331 N.E.2d at 826.

In *Deren v. City of Carbondale* (1973), 13 Ill. App. 3d 473, 300 N.E.2d 590, a complaint was brought against a city which alleged: (1) the plaintiff was hit by an automobile while walking in a city street; (2) to the knowledge of the city, many pedestrians had been walking there in the street for a long time because of the lack of a sidewalk; (3) the city owed the pedestrians a duty to maintain a safe sidewalk for pedestrians. The Appellate Court for the Fifth District affirmed a circuit court judgment dismissing the complaint. The court stated: "We conclude that the liability of a municipality with respect to its public streets is limited to their use as streets." (*Deren*, 13 Ill. App. 3d at 477, 300 N.E.2d at 593.) The court also stated it was "not pre-

pared to create a general duty upon municipalities for the safeguarding of pedestrians when they are walking upon the public streets." *Deren,* 13 Ill. App. 3d at 478, 300 N.E.2d at 593.

In *Risner v. City of Chicago* (1986), 150 Ill. App. 3d 827, 502 N.E.2d 357, summary judgment was granted to the city and against the plaintiff, who was struck by a city bus while attempting to cross the street in the middle of the block. The court found that the plaintiff was not an intended or permitted user of defendant's street and was not using it in a manner it was reasonably foreseeable it would be used. The court noted "the street [was] for *use* by vehicular traffic—not pedestrians, except where defendant [had] provided crosswalks or the like." (Emphasis in original.) *Risner,* 150 Ill. App. 3d at 831, 502 N.E.2d at 359.

Plaintiff argues that defendant was under a duty to her to use care to maintain the street in a condition which was safe for her to use when pushing a car, because the defendant could reasonably have foreseen she might have done so. In this regard, the following language of Justice Walter V. Schaefer in *Lance v. Senior* (1967), 36 Ill. 2d 516, 224 N.E.2d 231, is significant. He stated:

"After the event, hindsight makes every occurrence foreseeable, but whether the law imposes a duty does not depend upon foreseeability alone. The likelihood of injury, the magnitude of the burden of guarding against it and the consequences of placing that burden upon the defendant, must also be taken into account." (*Lance,* 36 Ill. 2d at 518, 224 N.E.2d at 233.)

The reluctance of the courts to place a duty upon municipalities to use care to maintain streets in a safe condition for pedestrians other than places designated as crossings must arise from the magnitude of the burden of doing so when compared with the likelihood streets will be used for that purpose.

Plaintiff relies on cases concerning injuries occurring on sidewalks and the cases of *Thorsen v. City of Chicago* (1979), 74 Ill. App. 3d 98, 392 N.E.2d 716, and *Johnson v. City of Rockford* (1962), 35 Ill. App. 2d 107, 182 N.E.2d 240. In *Thorsen,* a recovery against a city was upheld when the plaintiff had been injured while walking in the street. The theory of recovery was that the city's conduct in tearing up an existing sidewalk and not supplying any substitute sidewalk, which required the plaintiff to walk in the street in order to proceed as he wished, could be found by the jury to be a breach of the city's duty to exercise care in the maintenance of its sidewalks. Similarly, in *Johnson,* a complaint alleging a plaintiff was hit by an automobile while walking in a city street in order to get around a sidewalk area which

city workers had caused to be piled with ice and snow was held to state a cause of action. These cases turned on the duty of a municipality to pedestrians to use care in the maintenance of its sidewalks and did not touch upon the extent of a city's duty to pedestrians in regard to the maintenance of its streets.

As we deem the lack of allegation of facts giving rise to a duty on defendant to justify the dismissal of the amended complaint, we need not consider other issues concerning dilatory conduct on the part of plaintiff after filing suit or defendant's contention that it was protected by statutory governmental immunity.

We affirm.

Affirmed.

LUND and KNECHT, JJ., concur.