MICHAEL POINDEXTER, Plaintiff-Appellant, v. THE CITY OF CHICAGO, Defendant-Appellee.

First District (5th Division) No. 1—92—1279

Opinion filed May 14, 1993.

Kipnis, Kahn & Bruggeman, Ltd., of Chicago (Glenn J. Kahn, of counsel), for appellant.

Kelly R. Welsh, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Bobbie McGee Gregg, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE COUSINS delivered the opinion of the court:

The plaintiff, Michael Poindexter, filed a complaint against the defendant, City of Chicago (City), seeking to recover damages for personal injuries suffered when he fell into an open utility hole in the street.

Defendant answered and, as its affirmative defense, alleged that plaintiff had not fulfilled the requirements of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1989, ch. 85, par. 3—102(a) (Act)). The circuit court granted summary judgment in favor of the City on the ground that the City owed no duty to the plaintiff. Plaintiff appeals and contends that the trial court erred as a matter of law in granting summary judgment.

We affirm.

BACKGROUND

In his complaint, plaintiff alleged that on March 16, 1990, at approximately 9:30 p.m., he was walking westbound on the sidewalk on 53rd Street in Chicago near where a railroad viaduct crosses over the street. Just before he reached the viaduct, he noticed that the sidewalk underneath it was "in a general state of neglect and disrepair." He also noticed that the sidewalk ended on the other side of the viaduct. He stepped into the street in the middle of the block to cross over to the sidewalk on the other side. He fell into an open manhole in the middle of the street.

Plaintiff further alleged that his fall and injury resulted because of defendant's negligence in maintaining the public street.

Apparently in response to a notice to produce, the record includes the witness statement of Juanita Luice. According to her statement the accident occurred under the viaduct between two streets designated as Federal and Wentworth. Also in the record are what appear to be photocopies of photographs of the roadway showing an unbarricaded manhole and a viaduct immediately behind it.

Defendant filed its motion for summary judgment alleging that it owed no duty of care to plaintiff under the Act and, therefore, was not liable for plaintiff's injuries. Attached as an exhibit to the motion was a photocopy of the complaint, stating that plaintiff fell in the manhole in the street. Also attached as an exhibit was what appeared to be an excerpt from plaintiff's discovery deposition. In it plaintiff stated that he was on Federal Street, and not on the sidewalk, walking toward 53rd Street and was travelling west "straight under a viaduct." As demonstrated by deposition exhibit Number 1 in the record, plaintiff indicated with an arrow his direction of travel on a photograph of the accident scene. That arrow indicates that plaintiff was walking along the middle of the roadway and perpendicular to the viaduct when the accident occurred.

In his affidavit attached as an exhibit to his response to the summary judgment motion, plaintiff averred that the sidewalk on which he was originally proceeding adjacent to the roadway abruptly ended. Because of this he "entered and crossed 53rd Street to continue his travels on the sidewalk located on the south side of the roadway."

The trial court granted defendant's motion for summary judgment and dismissed plaintiff's complaint with prejudice.

OPINION

█ On appeal plaintiff contends that the trial court erred in granting summary judgment because he was an intended and permitted user of the roadway and his use was reasonably foreseeable. The Act reads in relevant part (Ill. Rev. Stat. 1989, ch. 85, par. 3—102(a)):

> "[A] local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity *intended* and *permitted* to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used ***." (Emphasis added.)

To properly state a cause of action for negligence, the plaintiff must establish that the defendant owed a duty of care, a breach of that duty and an injury proximately caused by the breach. (*Wojdyla v. City of Park Ridge* (1992), 148 Ill. 2d 417, 421, 592 N.E.2d 1098.) Whether a duty of care exists in a particular situation is a question of law for the court and may be determined on a motion for summary judgment. *Wojdyla v. City of Park Ridge*, 148 Ill. 2d at 421.

For a pedestrian to be protected by the conditions in the Act, he must be both an intended and permitted user of the property under a municipality's control. (*Wojdyla v. City of Park Ridge*, 148 Ill. 2d at 422.) Although pedestrians are apparently permitted to cross a busy street at midblock, this everyday occurrence does not mean that the municipality intended them to have unlimited access to cross the street at any time and under any circumstances. (See *Wojdyla v. City of Park Ridge*, 148 Ill. 2d at 426.) Marked and unmarked crosswalks are intended for the protection of pedestrians crossing streets within the meaning of the Act. (*Wojdyla v. City of Park Ridge*, 148 Ill. 2d at 426.) As a result, municipalities are liable for areas in which pedestrians are intended as well as permitted to use, but those areas do not include a highway in midblock. *Wojdyla v. City of Park Ridge*, 148 Ill. 2d at 426.

■■ This case is governed by the holding and circumstances described in *Wojdyla*. The deposition photograph exhibit, as well as plaintiff's complaint, the witness statement, and the affidavit, all indicate that the accident occurred while plaintiff walked along the middle of a roadway. That being the case, we hold that the trial court properly ruled that plaintiff was not an intended user of the middle of the street for pedestrian purposes, and his argument that defendant had a duty must fail on this basis. *Di Domenico v. Village of Romeoville* (1988), 171 Ill. App. 3d 293, 525 N.E.2d 242, cited in plaintiff's brief, is distinguishable. In *Di Domenico*, the facts involved a motorist who was injured in a pothole on defendant's street when he alighted in the roadway area immediately adjacent to his parked vehicle. *Di Domenico* held that such use of the street was both intended and permitted by the Act, because it was the only manner in which a motorist could depart the passenger side of his vehicle to an adjacent sidewalk. (See also *Curatola v. Village of Niles* (1993), 154 Ill. 2d 201, 214 (intended and permitted use only includes the street immediately surrounding a legally parked vehicle which is required by exiting and entering operators and occupants).) Such was not the case here. Plaintiff was not exit-

ing or entering a vehicle. The accident occurred as plaintiff was walking in the middle of the roadway.

For the foregoing reasons, we hold that the trial court did not err in granting summary judgment in favor of the City on the ground that the City owed no duty to the plaintiff. Because we so hold, we do not consider plaintiff's claim that his actions and the incident were reasonably foreseeable by defendant.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

GORDON, P.J., and MURRAY, J., concur.