ALTA EVANS, Plaintiff-Appellant, v. THE CITY OF CHICAGO, Defendant-Appellee.

First District (3rd Division)    No. 1—92—3957

Opinion filed August 17, 1994.—Rehearing denied January 9, 1995.

Kent M. Lucaccioni, of Ronald J. Lucaccioni, Ltd., of Chicago, for appellant.

Susan S. Sher, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Julian N. Henriques, Jr., Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE CERDA delivered the opinion of the court:

Plaintiff, Alta Evans, filed this personal injury action against defendant, City of Chicago, to recover for injuries she sustained when she fell into an open utility hole. According to plaintiff, defendant's negligence in maintaining the streets was the proximate cause of her injuries. The circuit court granted defendant's motion for summary judgment, holding that the Local Governmental and Governmental Employees Tort Immunity Act (Act) (745 ILCS 10/1—101 et seq. (West 1992)) barred recovery. Plaintiff appeals, asserting that the court erred in finding as a matter of law that plaintiff was not an intended and permitted user of the street.

A review of the record reveals that plaintiff was waiting for a Chicago Transit Authority bus at the corner of Montrose and Kimball Avenues in Chicago around 6 p.m. on January 25, 1988. After waiting about five minutes, Evans entered the street to see if a bus was approaching and fell into an uncovered utility hole.

On December 15, 1988, plaintiff filed a complaint against defendant. In her amended complaint, plaintiff alleged that defendant failed to maintain the intersection, manhole and crosswalk in a reasonably safe condition for pedestrians. Defendant filed a motion for summary judgment asserting that defendant owed no duty to Evans pursuant to section 3—102(a) of the Act, which defines the duty of local public entities to maintain its property. (745 ILCS 10/3—102(a) (West 1992).) After a hearing, the trial court granted defendant's motion, and this appeal followed.

In a cause of action for negligence, the plaintiff must establish that the defendant owed the plaintiff a duty of care, that this duty was breached and that the breach was the proximate cause of an injury. (Curtis v. County of Cook (1983), 98 Ill. 2d 158, 456 N.E.2d 116.) The determination of whether a duty existed is a question of law, and the trial court's order granting summary judgment will be upheld if the court's determination that no duty existed was correct. Marshall v. City of Centralia (1991), 143 Ill. 2d 1, 570 N.E.2d 315.

■ Defendant's duty of care is defined as follows:

> "[A] local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used ***." (745 ILCS 10/3—102 (West 1992).)

Thus, defendant in this case owed plaintiff a duty of care if plaintiff was an intended and permitted user of the property.

■ In general, Illinois courts have held that pedestrians travelling on a public roadway outside the crosswalk are neither intended nor permitted users and thus are owed no duty of care. (See *Gabriel v. City of Edwardsville* (1992), 237 Ill. App. 3d 649, 604 N.E.2d 565; *Householder v. City of Bunker Hill* (1988), 172 Ill. App. 3d 1037, 527 N.E.2d 528.) An exception to this general principle has been carved out for pedestrians within the immediate area surrounding their legally parked vehicles. (*DiDomenico v. Village of Romeoville* (1988), 171 Ill. App. 3d 293, 525 N.E.2d 242.) This exception acknowledges that drivers of legally parked vehicles must be allowed to utilize a portion of the road as a pathway for travel to and from their cars. The necessity of a safe means of ingress and egress establishes the status of these individuals as intended and permitted users.

In the recent case of *Vaughn v. City of West Frankfort* (1994), 258 Ill. App. 3d 424, 630 N.E.2d 526, *appeal allowed* (1994), 156 Ill. 2d 567, the court analyzed Illinois cases and determined that these cases revealed differing treatment of plaintiffs injured in pedestrian-vehicle and pedestrian-defect accidents. Specifically, sometimes a duty of reasonable care was imposed on a municipality in pedestrian-defective street cases, while no such duty existed when plaintiff-pedestrian was injured by a vehicle on a street. In *Vaughn* the court reasoned that the costs entailed in maintaining the streets in a reasonably safe manner to avoid pedestrian-defect injuries would not be prohibitive since such streets are customarily maintained for vehicular traffic. In contrast, a governmental entity's ability to protect against pedestrian-vehicle injuries is more limited and the cost prohibitive. The court held that the city had a duty to exercise reasonable care to a pedestrian who stepped into a hole in the street while crossing a street in mid-block.

■ The instant case presents a unique situation which supports imposition of a duty even if the municipality's duty extends only to the area of the crosswalk. Defendant admits that the open manhole was a mere 15 inches outside the crosswalk. Further, this crosswalk was unmarked when the accident occurred. We cannot say that the duty of a municipality to maintain its streets for the safety of

pedestrians terminates at the outer limit of a crosswalk, especially when the crosswalk is not marked. Such a result would be unreasonable and patently unfair. Pedestrians cannot reasonably be expected to trace imaginary lines representing a crosswalk across a city street and never stray from the confines of these conceptual boundaries.

Factors in the determination of the existence of a duty include "the foreseeability of the injury; the likelihood of injury; the magnitude of the burden of guarding against the injury; and the consequences of placing that burden upon the defendant." (*Mitchell v. City of Chicago* (1991), 221 Ill. App. 3d 1017, 1020, 583 N.E.2d 60.) Application of these factors to the instant case reveals that a duty should be imposed on the city because the burden of maintaining the area immediately surrounding an unmarked crosswalk would not outweigh the potential benefit, a lessening of the likelihood of injury.

Accordingly, we find that the plaintiff was an intended and permitted user in the instant case, and defendant had a duty to maintain the street in a reasonably safe condition.

The judgment of the circuit court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

RIZZI and GREIMAN, JJ., concur.