SHIBLI KHALIL, Plaintiff-Appellant, v. THE CITY OF CHICAGO, Defendant-Appellee.

First District (6th Division)   No. 1—95—0598

Opinion filed August 23, 1996.

Jerrold J. Ezgur, Ltd., of Chicago (Todd A. Heller, of counsel), for appellant.

Susan S. Sher, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Anne K. Berleman, Assistant Corporation Counsel, of counsel), for appellee.

PRESIDING JUSTICE ZWICK delivered the opinion of the court:

Plaintiff, Shibli Khalil, instituted this action seeking recovery for personal injuries allegedly caused by the negligence of defendant, the City of Chicago (the City). The trial court granted the City's motion for summary judgment based upon the statutory immunity conferred by section 3—102(a) of the Local Governmental and Governmental Employees Tort Immunity Act (the Tort Immunity Act) (745 ILCS 10/3—102(a) (West 1994)). On appeal, plaintiff contends that the trial court erred in entering summary judgment in favor of the City.

The record reveals that plaintiff was injured at approximately 2 a.m. on November 14, 1992, while he was walking through an alley to a restaurant. In his complaint, plaintiff alleged that just before the accident, he had parked his car in the restaurant parking lot located at 1135 North Ashland Avenue. While walking through the alley, which was perpendicular to the parking lot, he sustained injuries when he tripped and fell due to a hole in the middle of the alley. Plaintiff's complaint asserted that the City had acted negligently in the following respects:

(a) allowed a defective and dangerous condition to exist;

(b) failed to maintain the alley in a reasonably safe condition;

(c) failed to repair the defective and dangerous condition;

(d) permitted the property to become and remain in a condition which would endanger pedestrians; and

(e) failed to place any barricades or warnings around the defective and dangerous condition.

The cause was transferred to the mandatory arbitration calendar, and the arbitrators subsequently entered an award of $15,000 in favor of plaintiff. This award was rejected by the City, and the cause proceeded before the trial court.

The City thereafter filed a motion for summary judgment, asserting that it was immune from liability pursuant to section 3—102(a) of the Tort Immunity Act. The trial court granted the City's motion, and plaintiff has appealed.

A motion for summary judgment should be granted when the pleadings, depositions, admissions, and affidavits establish that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. 735 ILCS 5/2—1005 (West 1994); *Kolakowski v. Voris*, 83 Ill. 2d 388, 398, 415 N.E.2d 397 (1980).

In order to prevail on a negligence claim, a plaintiff must show a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by the breach. *Ward v. K mart Corp.*, 136 Ill. 2d 132, 140, 554 N.E.2d 223 (1990). Whether the defendant owed the plaintiff a duty of care is a question of law for the

court to decide. *Marshall v. City of Centralia*, 143 Ill. 2d 1, 6, 570 N.E.2d 315 (1991).

■ A municipality's duty to maintain its property is limited by section 3—102 of the Tort Immunity Act, which states in pertinent part:

> "(a) Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used, and shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condition that is not reasonably safe in reasonably adequate time prior to an injury to have taken measures to remedy or protect against such condition." 745 ILCS 10/3—102(a) (West 1994).

See also *Wagner v. City of Chicago*, 166 Ill. 2d 144, 150, 651 N.E.2d 1120 (1995); *West v. Kirkham*, 147 Ill. 2d 1, 14, 588 N.E.2d 1104 (1992).

Plaintiff argues that the City had a duty under section 3—102(a) to maintain the alley in a reasonably safe condition for the use of pedestrians. Although numerous decisions have considered the duty of a municipality to maintain its public streets and sidewalks, the duty to maintain public alleys has not been addressed. Thus, we confront this issue for the first time.

■ For liability to be imposed under section 3—102(a), a plaintiff must be not only a legally permitted user of the public property, but also an intended user. *Vaughn v. City of West Frankfort*, 166 Ill. 2d 155, 160, 651 N.E.2d 1115 (1995). In evaluating the duty imposed upon a municipality under section 3—102(a), the intent of the municipality is controlling, and courts look to the property itself to determine its intended use. *Wojdyla v. City of Park Ridge*, 148 Ill. 2d 417, 425-26, 592 N.E.2d 1098 (1992).

■ Although an alley cannot be characterized as a thoroughfare, it is a public roadway. See generally *J. Burton Co. v. City of Chicago*, 236 Ill. 383, 388, 86 N.E. 93 (1908). Historically, alleys were constructed to provide a means of access for delivery and other service vehicles at the rear of property. We are mindful of a time long past, when milk, ice and produce were delivered daily from horse-drawn wagons travelling virtually exclusively in alleys. In modern times, the alley continues to be used by service and delivery vehicles as well as a means of entry to garages in which property owners shelter various types of vehicles. Thus, while the precise function of an alley may differ slightly from that of a street, an alley is a roadway

designed for vehicular traffic, and the duty imposed upon a municipality under section 3—102(a) is the same as that imposed for a street.

Streets are intended to be used for vehicular traffic, not by pedestrians. *Curatola v. Village of Niles*, 154 Ill. 2d 201, 210, 608 N.E.2d 882 (1993). Consequently, because pedestrians are not intended users of streets, a municipality does not owe a duty of reasonable care to pedestrians who attempt to cross a street outside the crosswalks. *Sisk v. Williamson County*, 167 Ill. 2d 343, 347, 657 N.E.2d 903 (1995); *Vaughn*, 166 Ill. 2d at 158; *Curatola*, 154 Ill. 2d at 208; *Wojdyla*, 148 Ill. 2d at 424.

A narrow exception to this general rule has been recognized in cases involving pedestrians entering or exiting legally parked vehicles. See *Sisk*, 167 Ill. 2d at 351. However, this exception was expressly limited to those situations where the municipality had taken some action which manifested an intent that people should walk in the area. *Sisk*, 167 Ill. 2d at 351. The placement of signs, meters and pavement markings which designate parking spaces are clear manifestations of intent that people park their vehicles as well as enter and exit their vehicles in such areas. *Sisk*, 167 Ill. 2d at 351.

Plaintiff asserts that because he was an intended and permitted user of the alley, the City had a duty to maintain the alley in a reasonably safe condition for his use as a pedestrian. In making this assertion, plaintiff has failed to recognize the distinction between a "permitted" use and an "intended" use under section 3—102. See *Sisk*, 167 Ill. 2d at 349.

Although alleys may commonly be used for purposes other than vehicular traffic, those uses are not intended by the municipality, and even frequent use by pedestrians cannot convert the alley into a sidewalk. See *Sisk*, 167 Ill. 2d at 349-50. In the case at bar, there were no signs, pavement markings or other manifestations indicating that the City intended the plaintiff to walk down the middle of the alley. Accordingly, we hold that the City had no duty to maintain the alley in a reasonably safe condition for a pedestrian using the alley as if it were a sidewalk or a designated walkway. See *Vaughn*, 166 Ill. 2d at 164.

Plaintiff also argues that liability must be imposed under section 3—102(a) because there was no sidewalk provided for pedestrians who desired to travel along the alley. This argument was recently rejected in *Sisk v. Williamson County*, 167 Ill. 2d 343, 657 N.E.2d 903 (1995), where the Illinois Supreme Court held that the mere fact that it may have been impossible for the pedestrian to walk on a sidewalk or in a crosswalk is not dispositive. *Sisk*, 167 Ill. 2d at 349. Citing its prior decision in *Curatola*, the supreme court stated "we do not hold

that every pedestrian use of the street which is necessary to a permitted use of the street is itself both permitted and intended." *Sisk*, 167 Ill. 2d at 349; see also *Vaughn*, 166 Ill. 2d at 162; *Householder v. City of Bunker Hill*, 172 Ill. App. 3d 1037, 527 N.E.2d 528 (1988).

The Illinois legislature has established a clear public policy to immunize government from the financial burdens of preventing injuries which occur as a result of unintended uses of roadways. *Sisk*, 167 Ill. 2d at 352. The plaintiff has failed to establish that he was an intended user of the alley. We hold, therefore, that the trial court properly granted summary judgment in favor of the City.

Affirmed.

McNAMARA and LEAVITT, JJ., concur.