CARL CURATOLA, Plaintiff-Appellant, v. THE VILLAGE OF NILES, Defendant-Appellee.

First District (4th Division)   No. 1—90—2401

Opinion filed February 27, 1992.

Steinberg, Polacek & Goodman and Lewis, Davidson & Hetherington, Ltd., both of Chicago (Ann-Louise Kleper and Bruce D. Goodman, of counsel), for appellant.

Richard T. Ryan and Mark F. Smolens, both of Flynn, Murphy, Ryan & Seyring, of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:
Plaintiff, Carl Curatola, brought this negligence action against defendant, the Village of Niles, to recover for an injury he received

when he fell on Elizabeth Street in Niles, Illinois. The circuit court of Cook County ordered summary judgment in favor of defendant and denied plaintiff's motion to reconsider. The sole issue on appeal is whether defendant owed a legal duty to plaintiff and therefore whether the trial court erred in denying plaintiff's motion to reconsider the entry of summary judgment in favor of defendant.

We affirm.

On March 2, 1983, plaintiff was working as a truck driver for Yellow Freight System. He was delivering freight to Joseph's Electric, located on the corner of Elizabeth Street and Milwaukee Avenue in the Village of Niles. An employee of Joseph's Electric instructed plaintiff to park his truck and attached trailer. Plaintiff's vehicle was positioned approximately six inches from the curb. After the delivery was unloaded, plaintiff walked to the rear door of the trailer. As he was pulling the trailer door closed, he stepped down to the ground with his right foot and into a pothole. Plaintiff's foot twisted and he fell.

There are three elements to prove in an action for negligence: the existence of a duty, a breach of that duty, and an injury proximately resulting from a breach of that duty. Whether a duty exists is a question of law. *Ramirez v. City of Chicago* (1991), 212 Ill. App. 3d 751, 752.

Plaintiff contends that defendant owed him a duty of exercising ordinary care to maintain its property in a reasonably safe condition for intended or permitted users who are using the property in a reasonably foreseeable manner. Plaintiff argues that this duty arises pursuant to the Illinois Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1987, ch. 85, par. 3—102(a)), which provides in relevant part as follows:

> "Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people *whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used,* and shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condition that is not reasonably safe in reasonably adequate time prior to an injury to have taken measures to remedy or protect against such condition." (Emphasis added.)

(See *Risner v. City of Chicago* (1986), 150 Ill. App. 3d 827, 830.)

■ A doctrine has developed with respect to the duties of a municipality to pedestrians not using the crosswalk. No duty is owed to pedestrians who use the public streets as walkways and walk outside of the crosswalks. Such a duty would overextend a municipal function. (*Greene v. City of Chicago* (1991), 209 Ill. App. 3d 311, 313, citing *Vlahos v. City of Chicago* (1990), 198 Ill. App. 3d 911.) Plaintiff's underlying contention is that the fact situation of the instant case sets it apart from this doctrine.

Plaintiff stated that he was the driver of a legally parked vehicle. Further, he contends that his exit from the driver's side onto the street was foreseeable. Plaintiff argues that no great burden would be imposed upon the municipality for it to exercise ordinary care in the area of the street where parking is permitted as well as in the adjacent area.

A case addressing this issue of foreseeability is *Wojdyla v. City of Park Ridge* (1991), 209 Ill. App. 3d 290. That case involved a pedestrian who was struck by an automobile while crossing a thoroughfare lined with commercial buildings and residential dwellings on his way to his parked car.

■ In stating that foreseeability is not the sole factor in assessing a duty, the *Wojdyla* court reiterated the principle set forth by the supreme court, which observed: " 'The likelihood of injury, the magnitude of the burden of guarding against it and the consequences of placing that burden upon the defendant, must also be taken into account.' " *Wojdyla*, 209 Ill. App. 3d at 297-98, quoting *Lance v. Senior* (1967), 36 Ill. 2d 516, 518.

Plaintiff cites *Di Domenico v. Village of Romeoville* (1988), 171 Ill. App. 3d 293, to support his contention that the burden he wishes to place on the Village of Niles is reasonable. *Di Domenico* involved a plaintiff who parallel parked his car and walked on the street side to remove some items from the trunk. In so doing, he fell into a hole that was near his vehicle. In that case, the court argued that by allowing parking on the street, a municipality should recognize "the necessity of pedestrians walking in the street and using a portion of it as a pathway, as means of ingress and egress to and from their vehicles." *Di Domenico*, 171 Ill. App. 3d at 295.

The plaintiff in *Di Domenico* was legally parked. In a motion to reconsider, plaintiff in the case at bar provided evidence that he too was legally parked. Counteraffidavits on this issue were not filed. However, even assuming plaintiff was legally parked, the holding of *Di Domenico* has been called into doubt by *Vlahos·v. City of Chicago* (1990), 198 Ill. App. 3d 911, 914.

*Vlahos* involved a plaintiff who was injured when he fell into a hole while stepping off the curb en route to the driver's side of his truck. Plaintiff in that case and plaintiff here have a similar argument. They both assert that defendant permitted and intended the area where the respective incidents occurred to be used for parking. A further contention in both cases is that use of the immediate area around the vehicles was foreseeable and intended by the municipalities in each case.

■ *Vlahos v. City of Chicago* (1990), 198 Ill. App. 3d 911, relied upon *Mason v. City of Chicago* (1988), 173 Ill. App. 3d 330, and *Risner v. City of Chicago* (1986), 150 Ill. App. 3d 827. This is noted by plaintiff in the instant case as a means to distinguish *Vlahos* from the case at bar. Still, the principles brought forth from these two cases remain valid. A municipality has no duty to warn pedestrians not using the crosswalk. (*Risner v. City of Chicago* (1986), 150 Ill. App. 3d 827, 831.) Further, it is reasonable for a municipality to foresee that streets will be used only for vehicular traffic. *Vance v. City of Chicago* (1990), 199 Ill. App. 3d 652, 654; *Mason v. City of Chicago* (1988), 173 Ill. App. 3d 330, 332.

*Torres v. City of Chicago* (1991), 218 Ill. App. 3d 89, is a case that has been decided since the instant case was briefed. Its holding supports plaintiff's argument in the case at bar. *Torres* involves a plaintiff who alighted from his automobile after parking it on the street. He exited on the street side and continued to the rear of the vehicle to remove groceries from the trunk. He was injured when he fell into a pothole near the trunk of the automobile.

*Torres* acknowledges the duty of a municipality as set forth in *Risner v. City of Chicago* (1986), 150 Ill. App. 3d 827, but instead relies upon *Di Domenico v. Village of Romeoville* (1988), 171 Ill. App. 3d 293, *Princivalli v. City of Chicago* (1990), 202 Ill. App. 3d 525, and *Marshall v. City of Centralia* (1991), 143 Ill. 2d 1. *Di Domenico* has already been called into question by *Vlahos. Princivalli* and *Marshall* are also distinguishable.

In *Princivalli*, the court reversed the entry of summary judgment for the City of Chicago because its motion did not address the threshold issues of permitted and intended use, and reasonable foreseeability. It is plausible to consider plaintiff's use of his delivery truck as foreseeable. Nevertheless, the duty of a municipality has never been extended to include deliverymen utilizing the street as an unloading zone. Plaintiff was not prohibited from having his truck unloaded on the street in front of Joseph's Electric. Yet his being permitted to do so does not include him in the category of "intended *and* permitted"

users under the Illinois Local Governmental and Governmental Employees Tort Immunity Act. (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 85, par. 3—102(a).) The importance of this determination was emphasized by the Illinois Supreme Court and noted in *Torres* as follows:

> "Our supreme court has recently had the opportunity to evaluate the City's duty under the Tort Immunity Act. In *Marshall v. City of Centralia* (1991), 143 Ill. 2d 1, 570 N.E.2d 315, the court found that the defendant's duty is limited by the language of the Tort Immunity Act and, therefore, whether the defendant owed the plaintiff a duty requires the court to determine whether the plaintiff was an intended and permitted user of the property." *Torres v. City of Chicago* (1991), 218 Ill. App. 3d 89, 92.

■ The duty of care required from a municipality cannot be extended to account for the seemingly endless scope of foreseeable use. The necessity of imposing a limitation on municipal duty was noted in *Householder v. City of Bunker Hill* (1988), 172 Ill. App. 3d 1037:

> "The reluctance of the courts to place a duty upon municipalities to use care to maintain streets in a safe condition for pedestrians other than places designated as crossings must arise from the magnitude of the burden of doing so when compared with the likelihood streets will be used for that purpose." (*Householder*, 172 Ill. App. at 1039.)

Municipalities cannot be subject to the unreasonable financial burden of every foreseeable user.

For the foregoing reasons, we affirm the trial court's order granting defendant's motion for summary judgment.

Affirmed.

JIGANTI, P.J., and LINN, J., concur.