CARL CURATOLA, Plaintiff-Appellee, v. THE VILLAGE OF NILES, Defendant-Appellant.

First District (6th Division)    No. 1—99—4087

Opinion filed August 31, 2001.—Rehearing denied October 1, 2001.

Richard T. Ryan, Mark F. Smolens, and Richard L. Jones, all of Flynn, Murphy, Ryan & Seyring, of Chicago, for appellant.

Ronald Kalish, of Steinberg, Polacek & Goodman, of Chicago, for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

Plaintiff brought an action for personal injuries sustained when he stepped into a pothole on a public roadway located in the Village of Niles on March 2, 1983. The trial court granted summary judgment in favor of the defendant and plaintiff appealed. Our court affirmed (*Curatola v. Village of Niles*, 230 Ill. App. 3d 743 (1992)) but our decision was subsequently reversed by the Illinois Supreme Court and the case remanded for trial (*Curatola v. Village of Niles*, 154 Ill. 2d 201 (1993)).

On remand, the jury returned a verdict in favor of plaintiff and judgment was entered on the verdict. Defendant now appeals from the denial of its posttrial motion for judgment notwithstanding the verdict and from the judgment entered on the verdict and raises the following issues: (1) whether the defendant owed a duty of care to plaintiff; and (2) whether the trial court erred in refusing to give the jury defendant's two proffered special interrogatories.

## I. BACKGROUND

●1 Plaintiff Carl Curatola filed a negligence action against the Village of Niles (Niles) for personal injuries sustained on March 2, 1983, when he stepped from the rear of his delivery truck onto the edge of a pothole located on Elizabeth Street, which is owned and maintained by Niles. Prior to trial, Niles filed a motion for summary judgment pursuant to the Local Governmental and Governmental Employees

Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/3—102 (West 1998)). Section 3—102(a) of the Tort Immunity Act provides:

"[A] local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used ***." 745 ILCS 10/3—102(a) (West 1998) (formerly Ill. Rev. Stat. 1987, ch. 85, par. 3—102(a)).

On March 6, 1990, the trial court granted summary judgment for Niles. In so doing, the trial court relied on the following testimony given by plaintiff at his deposition. Plaintiff stated that on the day of the incident, he was working as a semi-truck driver making deliveries. When he arrived at Joseph Electronics, one of the company's employees directed him where to position his truck for unloading. Plaintiff parallel parked the truck along the southern curb of Elizabeth Street so that the rear driver's side was about six inches from the curb. Plaintiff then exited the cab of the truck, opened the rear door of the trailer and went inside. Plaintiff moved the cartons to the back of the trailer so that the company's employees could unload them. After the boxes were unloaded, plaintiff closed the trailer door and stepped onto the street. As he did so, plaintiff twisted his foot on the edge of a pothole which, according to plaintiff, was located about seven feet from the curb. The trial judge determined that this evidence supported the view that the truck was parked illegally in front of the driveway and, thus, plaintiff could not be considered an "intended and permitted" user of the street under the Tort Immunity Act. See *Curatola v. Village of Niles*, 154 Ill. 2d 201, 204 (1993).

Plaintiff filed a motion to reconsider and attached additional evidence by way of affidavit that his truck did not block or interfere with the use of the driveway and that its parking did not violate municipal ordinances. Niles filed no counteraffidavits. See *Curatola v. Village of Niles*, 230 Ill. App. 3d 743, 745 (1992). Plaintiff's motion to reconsider was denied and plaintiff appealed.

On appeal, our court affirmed. See *Curatola v. Village of Niles*, 230 Ill. App. 3d 743, 745 (1992). We chose to follow our decision in *Vlahos v. City of Chicago*, 198 Ill. App. 3d 911 (1990), which held that a municipality has no duty to pedestrians who use the street outside of the crosswalks, rather than the Third District's decision in *Di Domenico v. Village of Romeoville*, 171 Ill. App. 3d 293 (1988), which held that a municipality has a duty to pedestrians who use the street in the immediate zone of travel around their lawfully parked vehicles. See *Curatola*, 230 Ill. App. 3d at 745-46.

Plaintiff appealed our decision to the Illinois Supreme Court. See *Curatola v. Village of Niles*, 154 Ill. 2d 201 (1993). The supreme court framed the issue as "whether the trial court properly granted summary judgment determining that [Niles] owed plaintiff no duty to maintain the street area immediately around his parked vehicle." *Curatola*, 154 Ill. 2d at 205. The court began its discussion with the following observation:

> "[Plaintiff] asserts that the evidence he presented in support of his motion to reconsider established that his vehicle was legally parked at the time of his fall. [Niles] concedes that no evidence was presented contravening this fact. [Citation.] Consequently, we consider [plaintiff's] vehicle as being legally parked when he fell." *Curatola*, 154 Ill. 2d at 205-06.

The court began its analysis with an examination of the cases that have developed and employed the general principle that "a municipality owes no duty of care to a pedestrian who walks in or crosses a public roadway outside a crosswalk." *Curatola*, 154 Ill. 2d at 208-10. The court then carved out an exception to that principle and held:

> "In the present case, [plaintiff's] tractor-trailer was lawfully parked and thus he was a permitted user of the street. At the time he was injured, he was using the street to exit the rear of his trailer following its unloading by other persons. \*\*\* Under these circumstances, [plaintiff's] use of the immediately surrounding street to exit his vehicle was permitted and intended. [Plaintiff's] use of this area of the street was mandated by virtue of the fact that he had parked his vehicle and had to exit or reenter it. [Citations.]
> \*\*\*
> There being no dispute that [plaintiff] was using the street in a foreseeable manner [citations], we conclude that Niles had a duty to maintain the street immediately around [plaintiff's] legally parked vehicle. The trial court's determination that no duty of care existed was in error and entry of summary judgment was improper." *Curatola*, 154 Ill. 2d at 215-16.

The court reversed and remanded the case to the circuit court for trial.

On remand, the trial court permitted testimony regarding the presence/absence of "No Parking" signs on Elizabeth Street. The following testimony on this issue was presented. Thomas Paus, an employee of the Village of Niles, testified that in March 1983, "No Parking" signs were posted in the area in question. Dominick Ross, an employee of Joseph Electronics from 1981 to 1992, testified he does not recall there being "No Parking" signs present in the area. Public works superintendent James Schmidt testified that "No Parking" signs have been present on both sides of Elizabeth Street for "as long

as [he] remember[s]." Plaintiff testified that there were no "No Parking" signs on the south side of Elizabeth Street where he was parked.

At the close of plaintiff's case, defendant moved for a directed verdict. The trial court denied the motion. The jury found in favor of plaintiff and against Niles in the amount of $77,400. The trial court thereafter denied Niles' posttrial motion for judgment notwithstanding the verdict and Niles now appeals.

## II. DISCUSSION

### A. Standard of Review

●2 A judgment notwithstanding the verdict can only be granted where all the evidence, when viewed in the light most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could stand. See *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill. 2d 494, 510 (1967). We apply a *de novo* standard to our review of decisions on motions for judgments notwithstanding the verdict. See *McClure v. Owens Corning Fiberglas Corp.*, 188 Ill. 2d 102, 132 (1999).

### B. Propriety of Trial Court's Denial of Niles' Motions for Directed Verdict and Judgment Notwithstanding the Verdict

Niles contends that the trial court erred in denying its motion for a directed verdict and later its motion for judgment notwithstanding the verdict because the evidence "indisputably" establishes that plaintiff was not legally parked and, as a result, Niles owed no duty of care to plaintiff.

●3, 4 A complaint for negligence must establish that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the plaintiff sustained an injury proximately caused by the breach. See *Marshall v. City of Centralia*, 143 Ill. 2d 1, 6 (1991). Whether the defendant owes a duty of care to the plaintiff is a question of law. See *Marshall*, 143 Ill. 2d at 6. Pursuant to the provisions of section 3—102 of the Tort Immunity Act (745 ILCS 10/3—102 (West 1998)), Niles has a "duty to exercise ordinary care to maintain its property in a reasonably safe condition" only for those individuals by whom the entity "intended and permitted" the said property to be used. See 745 ILCS 10/3—102 (West 1998). As a general rule, a municipality owes no duty of care to pedestrians using public roadways outside designated crosswalks or walkways. See *Curatola*, 154 Ill. 2d at 208. The narrow exception to this rule is that a municipality owes a duty of care to those permitted and intended individuals using the street around their legally parked vehicles. See *Curatola*, 154 Ill. 2d at 213.

Niles asserts that plaintiff was illegally parked because he parked

his truck in the vicinity of "No Parking" signs and facing west in the eastbound lane of traffic.

●5 First, with regard to the "No Parking" signs, there was conflicting evidence as to their existence which precludes a directed finding on this basis and, in any event, which the jury implicitly resolved in favor of plaintiff. While Mr. Paus and Mr. Schmidt testified that there were signs on Elizabeth Street, plaintiff and an employee of Joseph Electronics stated they did not recall there being "No Parking" signs on Elizabeth Street. We cannot say that the evidence on this issue, when viewed in a light most favorable to plaintiff, so overwhelming favors Niles that no contrary verdict based on the evidence could ever stand. See *Maple v. Gustafson*, 151 Ill. 2d 445 (1992). Moreover, the Illinois Vehicle Code (upon which the jury was instructed) defines "park" or "parking" as "the standing of a vehicle, whether occupied or not, *otherwise than when temporarily and actually engaged in loading or unloading merchandise or passengers.*" (Emphasis added.) 625 ILCS 5/1—156 (West 1998) (formerly Ill. Rev. Stat. 1991, ch. 95½, par. 1—156). Indeed, Niles never rebutted plaintiff's assertion that he was unloading rather than parked. Based on the above, plaintiff's temporary location of his vehicle for the purpose of unloading merchandise was not "parking" under the relevant provision of the Illinois Vehicle Code and, therefore, not in violation of any alleged "No Parking" signs. Thus, the trial court did not err in denying Niles' motion for directed verdict and posttrial motion for judgment notwithstanding the verdict on this basis.

Second, with respect to the issue of the direction of plaintiff's vehicle, the trial court, when denying Niles' motion for directed verdict, stated:

> "So, therefore, that area—the mere fact that his car is the wrong way and is not parked the correct way doesn't mean that the area where the Village of Niles is supposed to maintain is any different. So, this—I am not going to direct it out on that basis."

Niles argues, however, that because plaintiff was parked facing the wrong direction, he was illegally parked. Niles asserts that had plaintiff parked facing eastbound he would not have been physically located in the middle of the street when he stepped down from his truck and would not have stepped into the pothole. We disagree with Niles. The direction of plaintiff's vehicle does not change the area immediately around the truck in which plaintiff would necessarily have to walk to facilitate entry and exit of his vehicle. Moreover, the fact that plaintiff's vehicle was facing west in an eastbound lane was made known to the supreme court. This fact was of no consequence to its decision on the issue of whether plaintiff was an "intended and permit-

ted" user of the street around his vehicle to whom Niles owed a duty. Indeed, had the supreme court felt this fact was fatal to plaintiff's status as an "intended and permitted" user under the Tort Immunity Act (745 ILCS 10/3—102 (West 1998)), it would have found in favor of Niles and affirmed.

Accordingly, we conclude that the trial court properly denied Niles' motions for directed verdict and for judgment notwithstanding the verdict because Niles owned a duty to plaintiff as an "intended and permitted" user.

## III. JURY INSTRUCTIONS

Lastly, Niles contends that the trial court erred in refusing to submit to the jury Niles' proffered special interrogatories.

●6 It is well settled that the trial court has discretion to refuse to submit a special interrogatory if it is not in proper form. See *Pry v. Alton & Southern Ry. Co.*, 233 Ill. App. 3d 197, 208 (1992). To be in proper form, a special interrogatory should consist of a single, direct question, should not be repetitive, misleading, confusing, or ambiguous, and should use the same language that the instructions contain. See *Santos v. Chicago Transit Authority*, 198 Ill. App. 3d 866, 870 (1990). In addition, it should also relate to an ultimate question of fact upon which the rights of the parties depend, and an answer responsive to it must be inconsistent with a general jury verdict. See *Worthy v. Norfolk & Western Ry. Co.*, 249 Ill. App. 3d 1096, 1103 (1993).

●7 Counsel for Niles submitted the following two special interrogatories. First:

"Was the plaintiff, at the time of the occurrence in question, in the process of entering or exiting a lawfully parked vehicle?"

And, second:

"There was in force in the State of Illinois, at the time of the occurrence in question a certain statute which provides that:

Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as was reasonably foreseeable that it would be used, and shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such condition that it is not reasonably safe in reasonably adequate time prior to an injury to have taken measures to remedy or protect against such condition.

If you decide that this statute applies to the occasion in question, then you may consider that fact together with all the other facts and circumstances in evidence to determine whether and to what

extent, if any, a party was negligent before and at the time of the occurrence."

The trial court refused each instruction.

We find that both instructions were properly rejected as they both go to the ultimate issue of the duty of care, which is a question of law properly reserved for the court. See *Thomas v. Town of Cicero*, 307 Ill. App. 3d 840, 845-46 (1999) (finding no duty and remanding case with directions to enter judgment for defendant notwithstanding verdict even though the jury answered special interrogatory finding plaintiff to be "intended and permitted" user). The "intended and permitted" determination (like the "lawfully parked vehicle" determination) informs the duty issue, and the duty issue is a question of law. See *Khalil v. City of Chicago*, 283 Ill. App. 3d 161 (1996) (duty is a question of law, and a municipality's duty to maintain its property is limited by section 3—102).

Accordingly, we find that the jury instructions were properly denied.

## IV. CONCLUSION

Based on the foregoing, we hereby affirm the trial court's entry of judgment on the verdict in favor of plaintiff.

Affirmed.

CAMPBELL, P.J., and O'BRIEN, J., concur.